### JACK CRADDICK v. THE STATE.

No. 3054.     Decided June 14, 1905.

**1.—Local Option—Bill of Exceptions—Hearsay Evidence.**

Where in a prosecution for a violation of the local option law, the bill of exceptions stated that the State's witness testified over defendant's objection that prosecutor drew 50 cents of his wages, went away, and subsequently returned, showing said witness a bottle of whisky, and witness asked where he got it and prosecutor replied from defendant, the bill sufficiently showed that defendant was not present and the testimony should have been excluded as hearsay evidence.

**2.—Same—Leading Questions—Knowledge of English Language.**

Where the record showed that a State's witness was a Swede and had lived in the United States for twenty-six years, and his manner of testifying showed that he sufficiently understood the English language to answer questions intelligently, it was not proper to permit the State's attorney to propound leading questions to said witness.

**3.—Same—Special Laws—Judicial Knowledge—Question of Fact.**

Local option laws are special laws and must be put into operation in the manner specified by the statute, and the courts do not judicially know when they are put in operation, but this is a matter of fact to be proved, and where the record fails to show such proof, but simply showed loose expressions of witnesses as to the question whether local option was in force at the time of the alleged violation, the conviction can not be sustained.

Appeal from the County Court of Matagorda. Tried below before Hon. Jesse Mathews.

Appeal from a conviction of a violation of local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The following statement is taken from appellant's brief and is substantially correct:

The testimony disclosed that Charlie Johnson, the prosecuting witness for the State was a native of Sweden, but had been in America 26 years; he bought a bottle of whisky from Jack, he could not say when he got the whisky from Jack, that Jack was an old Negro; he said "I can't say what I paid for the flask of whisky," I do not know what it was; I can't say whether it was after the saloons were closed up in Bay City, and before the 1st day of January, 1905, or not. I don't remember.

"I knew he did not have whisky to sell. I knew he must get it from somebody else. I knew Jack Craddick did not own a saloon, he never was a saloon keeper."

C. M. Steger, also a witness for the State, was permitted to testify to wit: "Charlie Johnson, came to me, and told me he wanted to draw 50 cents on his wages. I gave him the amount of 50 cents, he went away, and in a short time he came back, and I saw he had a flask of whisky." I said to him, "where did you get that whisky, Charlie," and he said to me, "I got it from Jack," meaning the defendant, Jack Craddick, in said cause.

Dr. A. F. Box, being sworn for the defendant, testified: "I know Charlie Johnson, I know as a matter of fact that he drank a great deal of whisky, I know as a matter of fact he was a habitual drunkard, he came to my livery stable about two years ago, and asked me if I could give him a job, and I told him no, but he took off his jumper, went in and hung it up and went to work, and has been there ever since. I told the saloon keepers before local option went into effect, not to let him have any whisky, but he managed, however, to get it from some source. I do not think his memory is good. I remember one time when he was about half-shot, he watered one horse thirteen times."

The defendant himself testified that the sale of the whisky was made a few days before local option went into effect, and that he brought the whisky to the door, where Charlie Johnson, was standing trembling, "Charlie Johnson gave me 25 cents, and I went in and got the whisky for him from Mr. Tom Marsh;" that Charlie Johnson did not go into the saloon, because Dr. Box, had told the saloon keepers not to let him have any whisky.

*W. S. Holman,* for appellant.—On hearsay evidence: Poole v. State, 23 S. W. Rep., 891; Segura v. State, 16 Texas Crim. App., 234; McClure v. State, 53 S. W. Rep., 111; York v. State, 61 S. W. Rep., 128; Spencer v. State, 31 Texas, 64; Murphy v. State, 40 S. W. Rep., 978; Woodward v. State, 51 S. W. Rep., 1122; Sneed v. State, 4 Texas Crim. App., 514; Kessinger v. State, 71 S. W. Rep., 597; Mallory v. State, 36 S. W. Rep., 751; Catlett v. State, 61 S. W. Rep., 485; Clay v. State, 40 Texas Crim. App., 556; McGlasson v. State, 38 Texas Crim. Rep., 351; Gentry v. State, 24 Texas Crim. App., 478; Jefferson v. State, 49 S. W. Rep., 88; Mercer v. State, 66 S. W. Rep., 555; Fenstein v. State, 73 S. W. Rep., 1052; Hammel v. State, 14 Texas Crim. App., 326; Price v. State, 35 Texas Crim. Rep., 501.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Conviction of violating the local option law. The State over the objections of appellant, was permitted to prove by the witness Steger, that prosecutor drew 50 cents of his wages, went away, and subsequently returned, showing said witness a bottle of whisky. Witness asked prosecutor where he got the whisky, who replied that he got it from appellant. This was objected to, among

other reasons, because it was hearsay. Error is conceded by the State, unless appellant was present and heard the conversation. We think the bill is sufficient to show that he was not present.

There are several bills reserved to the manner of interrogating the prosecuting witness by the county attorney. Certainly his manner of asking leading questions was not proper, and upon another trial, the court should require that the witness be examined in a proper and legitimate way. The ourt undertakes to explain this by stating that the witness was a Swede, and was not thoroughly familiar with the English language. Without going into a detailed statement of this matter, we think that the witness having lived in America for twenty-six years, as the witness stated, and his manner of testifying shows that he sufficiently understands the English language to answer questions intelligently.

Another question presented should be noticed. The record fails to show that the local option law alleged to have been violated had been put into operation in said county. There is a loose expression or so by the witnesses, that certain things occurred before local option took effect; and some statements in regard to closing saloons, but the fact that an election was held in that county is not shown, nor the result of such election, nor when it went into operation. These local option laws are special laws, and must be put into operation in the territory in the manner specified by the statute; and the court does not judicially know when these laws are put into operation. These are matters of fact to be proved. The judgment is reversed and the cause remanded.

*Reversed and remanded.*