## WALTER BILLS v. THE STATE.

### No. 4549. Decided March 17, 1909.

**1.—Local Option—Evidence—Recall of Witness—Discretion of Court.**

Where upon appeal from a conviction of a violation of the local option law, the bill of exceptions did not show that there had been any such abuse of the court's discretion in refusing the recall of a witness as would authorize a reversal, there was no error.

**2.—Same—Evidence—Local Option in Force.**

Upon trial of a violation of the local option law it was required that the prosecution show that local option was in effect in the county of the prosecution, and where the only proof by the State was that there was a local option law in said county, it was not sufficient to show that a law prohibiting the sale of intoxicating liquors was in force in said county at the time of the prosecution and of the alleged offense; and the court could not instruct the jury that such law was in effect.

Appeal from the County Court of Jones. Tried below before the Hon. Jas. P. Stinson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case. .

J. B. McMahon, John W. Scott and J. W. Boynton, for appellant. —On question of local option law being in force: Cotton v. State, 29 Texas, 186; Morton v. State, 37 Texas Crim. Rep., 131, 38 S. W. Rep., 1019; Watkins v. State, ·77 S. W. Rep., 799; Lively v. State, 72 S. W. Rep., 393; Treue v. State, 44 S. W. Rep., 829; Johnson v. State, 44 S. W. Rep., 834; Malone v. State, 51 S. W. Rep., 381; Craddick v. State, 48 Texas Crim. Rep., 385, 13 Texas Ct. Rep., 637.

F. J. McCord, Assistant Attorney-General, for the State.'

RAMSEY, Judge.—Appellant was convicted in the County Court of Jones County on a charge of selling intoxicating liquors . therein in violation of the local option law. The jury assessed his punishment at a fine of $100 and sixty days confinement in the county jail.

1. The testimony in the case is quite conflicting. The witness H. Starbeck testified directly and positively to a sale by appellant to one Kelly of two quarts of whisky for five dollars, and that while the parties were in a room in a hotel playing cards the whisky was delivered and the money paid. Other witnesses testify that the whisky was in fact produced by appellant, but it was a matter of accommodation, and was not a sale. Some of them say that Kelly did give appellant five dollars about the time the whisky was brought in, but that it was in the nature of a gift or loan to enable him to take part in the gambling then in progress. We deem it unnecessary to review the· facts in detail. The testimony of Starbeck makes a clear case. It must be confessed that the testimony of the other witnesses is calculated to challenge belief, and it is not to be wondered that the jury credited the testimony of Starbeck.

2. During the progress of the trial and after he had testified and had been dismissed from the stand as a witness, counsel for appellant requested the court to permit them to recall the witness Starbeck, and ask him if it was not true that he was mad at the

defendant, and if he did not say at the depot on the Monday morning after he and appellant played cards in the hotel that he would get even with the defendant. That at the time counsel informed the court that they wished to ask said witness this question for the purpose of impeaching said witness, who would say that he did not make any such statement, and that they proposed to show and could show by the express agent at Hamlin that he did make the statement above referred to, and that the court refused to permit the witness to be recalled. The bill does not show when this matter occurred or how it arose. Starbeck was examined at considerable length both on direct examination, cross-examination and re-examination. It is not shown when counsel came into possession of information touching the conversation inquired about, nor is it shown in the bill that Starbeck was accessible or that the proceedings of the court would not have been delayed perhaps unnecessarily to have had him recalled. Matters of this sort are so peculiarly within the discretion of the trial judge that we feel we should not reverse a case unless all the facts were shown and it were apparent that there had been such an abuse of the court's discretion as would authorize and justify us in interfering. In this connection it is to be noted that the express agent named in the bill was in fact introduced and testified on the stand to all the matters referred to in the bill. So that in any event we feel that there could have been no injury done appellant by the refusal of the court to permit the recall of Starbeck.

3. Counsel further raise the question in their brief that there was no proof offered that the local option law was in effect in Jones County. This matter was not raised or hinted at in their motion for a new trial. There was no formal orders, judgments or decrees of the Commissioners Court of Jones County, admitted in evidence, putting local option in effect therein. It was proven by the witness Starbeck, without objection, that local option was in effect in Jones County. We have heretofore held (Manning v. State, 81 S. W. Rep., 957), that even a charge of the court which misdirects the jury in regard to the punishment is not reversible error unless excepted to and this case has been followed, and generally we have disregarded grounds of reversal and refused to reverse where the matter is not called to the attention of the court below, either by exception or in the motion for new trial. In this connection we feel that we should say that, while under the provisions of the law enacted by the last Legislature, contests of local option elections must be timely had, and in the absence of such contest their regularity would be presumed, the court should, nevertheless, in every case require the introduction of formal orders of the commissioners court of their several counties putting local option into effect. However, where a party stands by and permits the proof without objection to be made by parol testimony and makes and raises no question touching the

matter in his motion for a new trial or by exception, and waits to raise the matter on appeal, we do not feel that he should be then heard to complain. The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### March 17, 1909.

RAMSEY, JUDGE.—The grounds urged in appellant's application for rehearing are meritorious, and it is obvious, upon further reflection, that the motion must be granted. As stated in the opinion in this case, there was some proof that local option was in effect in Jones County. There was no evidence introduced in the case of any orders, judgments or decrees by the commissioners court of that county putting local option in effect. The only proof that the sale of intoxicating liquors had been prohibited in that county rests upon this statement in the testimony of the witness Starbeck: "Yes, sir, there is a loca option law in Jones County." It is well settled that we are not authorized to assume, nor can we judicially know that the local option law is in effect in any county in this State. As stated by Judge Davidson in the case of Craddock v. State, 13 Texas Ct. Rep., 637: "These local option laws are special laws, and must be put into operation in the territory in the manner specified in the statute, and the court does not judicially know when these laws are put into operation. These are matters to be proved." It is not contended by counsel for appellant that this might not, in the absence of an objection, be shown by parol testimony; but their objection goes rather to the sufficiency of the evidence, or, as they put it, "the quantum of the proof." To say that *there is* a local option law in Jones County is not of necessity to affirm that there is, throughout the entire county, or in the particular portion where this alleged offense was committed, a law prohibiting the sale of intoxicating liquors, since there might be a local option law in some political subdivision of the county less than the whole. Besides, local elections may be held for other purposes than to prevent the sale of intoxicants. Again, the fact that a witness testifies that there is a local option law in force in a county, does not carry with it the proof that such law was in existence at the date of the alleged offense. The whole case was tried as if the law were in effect in the county. The court so instructed the jury. In making up the statement of facts, however, whatever proof there may have been in respect to the matter was omitted, except the single declaration above referred to. This is so indefinite, slight and meager, as, we think, furnishes no just basis upon which to rest a conviction. It is therefore ordered that the judgment of conviction be set aside and the cause remanded for proceedings in accordance with law.

*Reversed and remanded.*