## TAYLOR v. STATE.

### No. 13614.

Court of Civil Appeals of Texas. Dallas.
April 6, 1945.

A. F. Nossaman, of Sherman, for appellant.

Grover Sellers, Atty. Gen., and Jesse Owens and George W. Barcus, Asst. Attys. Gen., for appellee.

YOUNG, Justice.

This is an appeal from an order of temporary injunction granted upon notice and hearing, whereby appellant was restrained from further violating sundry provisions of the Texas Liquor Control Act, Arts. 666—1 et seq., 667—1 et seq., Vernon's Ann.P.C.

The petition of appellee, through relation of our Attorney General and J. S. Kone, Grayson County attorney, filed October 18, 1944, sought above-mentioned relief and permanent injunction upon final trial, alleging maintenance of a nuisance on described premises in Denison, also unlawful possession and sale of alcoholic beverages in a dry area, i. e., Grayson County; which petition was supported by affidavit of F. O. Goen, deputy supervisor, detailing five instances of unlawful possession for purpose of sale of whisky between June 17, and August 13. 1944; further asserting that Grayson County was a dry area as defined by law.

At the trial, testimony of two enforcement officials was heard concerning defendant's alleged unlawful activities; the State also placing in evidence without objection county court records disclosing six complaints against appellant charging unlawful possession of whisky for purpose of sale in Grayson County on various dates inclusive of June 17 and August 25, 1944, to which Taylor had pled guilty, being assessed in each instance a $100 fine. Above-mentioned complaints were duly sworn to by either F. O. Mangrum or Sam York; and further recited that the offense had occurred "after an election had been held by the qualified voters of said county in accordance with law to determine whether or not the sale of intoxicating liquor, to-wit, whisky, should be prohibited in said county, and such election had resulted in favor of prohibiting the sale of such intoxicating liquor in said county, and the commissioners court of said county had canvassed the election returns and had duly made, passed and entered its order declaring the result of such election; and prohibiting the sale of such type of intoxicating liquor, to-wit, whisky, in said county, as required by law, which said order had been published for the time and in the manner required by the law in force at the time of said election; said election having heretofore been held on the 3rd day of October, A.D. 1907, and the sale of the said type of alcoholic beverage has not been legalized in said political subdivision by any local option election held in such political subdivision since that time against the peace and dignity of the State."

Defendant did not testify at the hearing, offering no evidence except such as may be implied from cross-examination of witnesses for the State, his answer, not sworn to, consisting of a denial, general and special, of the charges alleged. Then followed grant of temporary injunction as prayed and this appeal; the judgment allowing supersedeas by bond in sum of $750.

Appellant's sole proposition for reversal is that, though same was alleged, the State has wholly failed to show that Grayson County was a dry area within terms of the Liquor Control Act; and that such fact element was indispensable to the relief sought and obtained. Collateral to the above proposition, appellant argues that inasmuch as Art. 666—23, P.C., provides

that all sections of the State shall be deemed wet areas except such as have been determined to be dry, appellee is not entitled to injunction for violation of existing statutes without direct proof that the named county was in fact dry. The same article (666—23) also provides that "trial Courts of this State shall take judicial knowledge of the status of wet and dry areas as herein defined in any *criminal prosecution*. An allegation that any county or political subdivision as herein provided is a dry area as to any particular type of alcoholic beverage shall in law be deemed sufficient in any information, complaint, or indictment; provided, however, that a different status of such area may be urged and proved as a defense." (Italics ours.)

In Humphreys v. State, 131 Tex.Cr.R. 383, 99 S.W.2d 600, our Court of Criminal Appeals has rejected above terms of the Act as a rule of evidence, adhering to the settled doctrine of Texas Criminal Jurisprudence that more formal proof of the particular status is required in support of a conviction; see Craddick v. State, 48 Tex.Cr.R. 385, 88 S.W. 347; Bills v. State, 55 Tex.Cr.R. 541, 117 S.W. 835. Above decisions are not deemed controlling in this, a *civil action* governed by rules of evidence in civil cases. Art. 666—29, P.C.; State v. Birdette, 139 Tex. 357, 162 S.W.2d 932. However, whether the quoted provisions of Art. 666—23 may be availed of by the trial court in civil proceedings under the Act, is not here involved; for appellee does not rely on judicial knowledge and the point has not been briefed. And while not approving appellee's method of establishing aforesaid dry status of a given locality as correct procedure upon final trial, nevertheless, prima facie evidence of such fact is disclosed by the record. The sworn complaints in the several criminal proceedings referred to, followed by appellant's pleas of guilty to liquor violations during times contemporaneous with the objectives of said temporary injunction, additional to the affidavit of F. O. Goc:, Deputy Liquor Supervisor, supporting the State's petition and made part thereof, are of evidential value in such connection.

Art. 667—27, Vernon's Ann.P.C., reads in part: "Upon having called to his attention *by affidavit of any credible person* that any person is violating, or is about to violate, any of the provisions of the Texas Liquor Control Act or if any permit or license was wrongfully issued, it shall be the duty of the Attorney General, or the District or County Attorney, to begin proceedings to restrain any such person from the threatened or any further violation, or operation under such permit or license, and the District Judge shall have authority to issue restraining orders without hearing, and *upon notice and hearing to grant injunction* * * *." (Emphasis ours.)

In Jeter v. State, Tex.Civ.App., 184 S.W. 2d 716, where, as here, the dry status of the particular county did not appear seriously controverted, the court granted a temporary injunction on basis of supporting affidavits. So here, in view of the discretionary powers of the trial judge in interlocutory proceedings after "notice and hearing", the instant ruling is not seen as an abuse thereof under the showing made.

Appellant's single point must be overruled and the order in question is in all respects affirmed.