Eduardo GARCIA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–033–CR.
(No. 2020cr).

Court of Appeals of Texas,
Corpus Christi.

Feb. 18, 1982.

Discretionary Review Refused
May 5, 1982.

Rand J. Riklin, Roy R. Barrera, Vincent D. Callahan, Nicholas & Barrera, Inc., San Antonio, for appellant.

Reynaldo Cantu, Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for rape of a child. The jury assessed punishment at 20 years.

The indictment alleges that the offense was committed on or about November 24, 1978, when the victim, appellant's stepdaughter, was thirteen years old. The evidence also reflects that appellant had engaged in numerous acts of sexual intercourse with the girl over the preceding four years.

In his first ground of error, the appellant contends that the trial court erred in allowing evidence to be admitted concerning the extraneous acts of sexual intercourse committed by appellant in the preceding years. Appellant cites numerous robbery and forgery cases for the proposition that proof of extraneous independent crimes committed by defendant is not admissible. While those cases accurately reflect the law with respect to robbery and forgery, a different rule applies in cases involving abnormal sexual conduct by a father, or one in a

position of locus parenti, toward a young daughter. *Williams v. State*, 490 S.W.2d 604 (Tex.Cr.App.1973); *Johns v. State*, 155 Tex.Cr.R. 503, 236 S.W.2d 820 (1951).

In prosecutions for rape of a child, testimony of other acts of intercourse upon the victim, either prior or subsequent to the date charged, can be received by the jury in determining whether the particular act relied upon by the state was committed. *Grantom v. State*, 415 S.W.2d 664 (Tex.Cr. App.1967), and *Johns v. State*, supra. Appellant's first ground of error is overruled.

In his second ground of error, the appellant contends the trial court erred in failing to charge the jury that the time which lapsed between the offense and the date it was reported, and between the extraneous offenses and date they were reported, should be considered only for the purpose of assessing the weight to be given to the testimony of the victim. This instruction is required by art. 38.07 Tex.Code Crim.Pro.Ann. (Vernon 1979). However, in the absence of an objection or requested instruction, failure to comply with this article does not constitute reversible error. *Martinez v. State*, 576 S.W.2d 854, 855 (Tex. Cr.App.1979). Appellant's second ground of error is overruled.

Appellant next contends that the trial court erred in granting the State's Motion in Limine to require an in camera hearing on the admissibility of any evidence concerning the victim's prior sexual activity. Appellant claims that the testimony of two doctors that the victim had been sexually active on a regular basis raised the inference that only the appellant had been having sexual intercourse with the victim, and that the trial court's action prevented him from rebutting that inference.

We disagree. The trial court did not prohibit the appellant from offering any evidence on the victim's sexual conduct; it merely required the appellant to first bring the matter to the attention of the trial court outside the presence of the jury. The record is completely devoid of any attempt by appellant to offer any evidence on the subject. No error is shown.

Appellant's fourth ground of error is that the State failed to prove proper venue. Appellant's objection to the venue was raised for the first time in his motion for a new trial. Where, as here, the issue as to venue is not raised prior to filing a motion for new trial, this Court must presume that the venue was proven under the provisions of art. 44.24, Tex.Code Crim.Pro.Ann. (Vernon 1979). *Harp v. State*, 383 S.W.2d 176 (Tex.Cr.App.1964). Nothing is presented for review. The fourth ground of error is overruled.

In his fifth ground of error, appellant presents the novel contention that the trial court erred in accepting into evidence DEFENSE exhibit number one, which was a transcript of a prior proceeding concerning custody of the child. Specifically, appellant argues that certain portions of the transcript should have been stricken before it was accepted into evidence. Appellant made no effort to strike any portion of the prior proceeding before it was offered into evidence, nor did he object at any time during trial when it was submitted by the court to the jury. Appellant cannot complain about evidence which he himself offered. *Beard v. State*, 481 S.W.2d 875 (Tex. Cr.App.1972); *Garza v. State*, 397 S.W.2d 847 (Tex.Cr.App.1965). Ground of error number five is overruled.

Appellant's sixth ground of error is that the trial court erred in denying appellant's request to recall the victim for the purpose of further cross-examination after the State had rested its case. The court allowed appellant to recall the victim, but would not allow him to lead or impeach the witness. Appellant claims this denied him the right of effective cross-examination. The record reveals a lengthy cross-examination of the child during the State's case-in-chief. We also note that the able trial judge gave the appellant, in chambers, an opportunity to demonstrate the need for additional cross-examination. This was not shown. The trial court did not abuse its discretion in limiting the scope of additional

cross-examination when the victim was recalled. See *Satterwhite v. State*, 499 S.W.2d 314 (Tex.Cr.App.1973); *Bills v. State*, 55 Tex.Cr.R. 541, 117 S.W. 835 (1909).

[redacted] During oral arguments to this Court, appellant alleged for the first time that the transcript of the record fails to show that the indictment had been read to the jury, or that the appellant had entered his plea of "not guilty" in the presence of the jury. The provisions of art. 36.01, Tex.Code Crim. Pro.Ann. (Vernon 1981), are mandatory and generally the failure to read the indictment to the jury would constitute reversible error. Here, the record shows that there was no objection made at trial and the issue was not raised in the motion for new trial. Art. 44.24(a), Tex.Code Crim.Pro.Ann. (Vernon 1979), provides, in pertinent part:

> "The Court of Criminal Appeals shall presume ... that the defendant was arraigned; that he pleaded to the indictment; .... unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record."

In addition, the judgment reads:

> "THEREAFTER, on February 13, 1979, the indictment was read to the jury and the Defendant entered his plea of Not Guilty thereto whereupon evidence was introduced, and the cause recessed until February 14, 1979."

Appellant cites *Peltier v. State*, 626 S.W.2d 30 (Tex.Cr.App.1981) for the proposition that absent an affirmative showing in the record that art. 36.01 was followed, fundamental error results. However, in *Peltier*, the issue was raised in the motion for new trial where both parties stipulated that the indictment had not been read and the defendant had not entered his plea in the presence of the jury. The facts in the present case are different, and no reversible error is present. See *Boening v. State*, 422 S.W.2d 469 (Tex.Cr.App.1967).

All of appellant's grounds of error have been carefully considered and are overruled. The judgment of the trial court is

AFFIRMED.