No. 04-98-00047-CR

Sergio LINARES,

Appellant

v.


The STATE of Texas,

Appellee


From the 49th Judicial District Court, Webb County, Texas
 Trial Court No. 89-CRA-00251-DI
 Honorable Manuel Flores, Judge Presiding


Opinion by: Alma L. López, Justice

Sitting: Alma L. López, Justice

Paul W. Green, Justice
Karen Angelini, Justice

Delivered and Filed: June 20, 2001 


AFFIRMED


Sergio Linares appeals from his conviction of attempted murder. Linares complains in
four issues that the trial court committed error by granting leave to amend the indictment in his
absence, by not physically altering the indictment to reflect the amendment, by not re-arraigning
him outside the presence of the jury on the amended indictment, and by subjecting him to a trial
on an indictment that was never physically altered. For the reasons set forth below, we overrule
Linares's four issues and affirm his conviction.

The Original Indictment & Amendment 

On June 15, 1989, Linares was indicted for attempted murder and pled not guilty to the
charge. The case was tried to a jury which returned a verdict of guilty and assessed punishment
at twenty years imprisonment in the Texas Department of Criminal Justice-Institutional Division
and a fine of $20,000. The original indictment presented to the grand jury in March 1989 stated
that Linares "did then and there attempt to cause the death of an individual, the said Alfonso
Quiroz, by shooting him with a firearm." On July 6, 1989, the State submitted a motion to
amend the indictment, requesting that the general statement of the offense contained in the
indictment be replaced with a specific definition of attempted murder. The proffered amendment
stated: "that Linares intentionally and knowingly, with the specific intent to commit the offense
of murder did then and there attempt to cause the death of an individual, Alfonso Quiroz, by
shooting him with a deadly weapon, a firearm, which amounted to more than mere preparation
that tended but failed to effect the commission of the offense intended."

After notice to the defendant, a matter of form or substance in an indictment or
information may be amended at any time before the date the trial on the merits commences.
Tex. Crim. Proc. Code Ann. § 28.10(a) (Vernon 1989). Furthermore, all amendments of an
indictment or information shall be made with leave of the court and under its discretion. Id. at
§ 28.11. 

In his first issue Linares contends that the trial court erred in granting leave to amend the
indictment in his absence. The record on appeal contains a signed and dated certificate of
service indicating that the State notified Linares's counsel of the motion to amend the indictment
the same day it was presented to the trial court. However, the three-page trial transcript of the
proceeding lacks any indication that the motion to amend the indictment was heard or granted by
the court. The trial transcript consists of a discussion between the State's attorney, defense
counsel, and the trial judge as to whether Linares was in jail and could be brought to the court
room for a hearing on the motion to amend. Although the transcript of the proceeding is
seemingly incomplete, an order granting the State's motion to amend was issued on August 14,
1989. To determine if Linares was in fact present when the motion to amend the indictment was
heard, the trial court held an evidentiary hearing on July 2, 1998. (1) The trial court issued findings
of fact which suggest that while Linares may not have been present when the motion to amend
was first called, he was present when the motion was heard and granted by the trial judge. (2)
Because Linares was given prior notice of the motion to amend the indictment and said motion
was made in Linares's presence in open court, we find that the trial court did not err by granting
leave to amend the indictment, and therefore overrule Linares's first issue. Alteration of the Indictment & Additional Time to Prepare

 Linares contends in his second issue that the trial court committed error by failing to
order an actual, physical alteration of the indictment. An indictment provides a defendant notice
of the offense charged so that he may prepare, in advance of trial, an informed and effective
defense. See Garcia v. State, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998). It is well established
that notice of the nature and cause of the accusation must come from the face of the indictment,
not from a motion or a trial court order attached thereto; and an effective means of
accomplishing an amendment of the indictment is by interlineation - the actual physical
alteration of the face of the charging instrument. See, e.g., Eastep v. State, 941 S.W.2d 130, 132
(Tex. Crim. App. 1997); Ward v. State, 829 S.W.2d 787, 794 (Tex. Crim. App. 1992)Rent v.
State, 838 S.W.2d 548, 550 (Tex. Crim. App. 1990); Labelle v. State, 720 S.W.2d 101, 110 (Tex.
Crim. App. 1986); Voelkel v. State, 501 S.W.2d 313, 315 (Tex. Crim. App. 1973). However, the
Texas Court of Criminal Appeals recently held that physical interlineation of the charging
instrument is only one means to accomplish an amendment. Physical interlineation of the
original indictment is not the exclusive means of effecting an amendment to the indictment. See
Riney v. State, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000). The Court of Criminal Appeals
overruled Ward v. State and those cases relying on it to the extent they require physical
interlineation of the original indictment as the only means to accomplish an amendment. (3) The
court specifically noted that Ward v. State continues to stand for the proposition that "neither the
motion to amend nor the trial judge's granting thereof is an amendment; rather the two comprise
the authorization for the eventual amendment of the charging instrument pursuant to article
28.10." See Riney, 28 S.W.3d at 566.

Turning to the case at bar, we must determine whether the amendment came within the
directive announced in Riney. See id. The original indictment charging Linares with attempted
murder was not actually physically altered to reflect the amendment. Yet, the order amending the
indictment restated the original indictment in its entirety and simply incorporated the amended
language into the body of the indictment. Due to its specificity, the order became the amended
indictment. This was an appropriate means of effecting an amendment to the indictment.
Moreover, the record reveals that Linares did not object to the failure to physically alter the
indictment before the trial on the merits began. "If a defendant does not object to a defect, error,
or irregularity of form or substance in an indictment or information before the date on which trial
on the merits commences, he waives and forfeits the right to object to the defect, error, or
irregularity and he may not raise the objection on appeal or in any postconviction proceeding."
Tex. Crim. Proc. Code Ann. §1.14(b) (Vernon Supp. 2000). Furthermore, Linares filed a
motion for new trial in June of 1990 and failed to show as grounds that the indictment had not
been physically altered, demonstrating yet again that Linares waived his right to object to any
error of form in the indictment. Because the record does not reflect that an objection was made
regarding a defect, error, or irregularity in the indictment (i.e., that it was not physically altered)
before the trial began, we find that Linares waived his right to object and therefore overrule his
second issue.

Linares further asserts that the trial court committed error by failing to afford him ten
days to prepare for trial after the indictment was amended. If an indictment is amended before
trial, the defendant has an absolute right to request ten days in which to respond to the amended
indictment. Tex. Crim. Proc. Code Ann. § 28.10(a) (Vernon 1989). The record reflects that the
motion to amend the indictment was granted on August 14, 1989, and that the trial on the merits
did not commence until April 16, 1990, nine months after the motion to amend was granted. The
record does not indicate that Linares requested ten additional days of preparation at any time
after the motion to amend was granted and prior to the commencement of the trial. A
prerequisite to presenting a complaint for appellate review is that the record must show that the
complaint was made to the trial court by a timely request, objection, or motion that stated the
grounds for the ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint; and that the trial court ruled on the
request, objection, or motion either expressly or implicitly. Tex. R. App. P.33.1(a). Since
Linares did not request ten additional days of preparation time prior to trial and because he failed
to object, we find that Linares failed to preserve any error for appellate review.

Arraignment

In Linares's third issue, he contends that the trial court erred by failing to re-arraign him
on the amended indictment outside the presence of the jury. The arraignment hearing was
conducted on August 14, 1989, the same day that the trial court heard and granted the motion to
amend the indictment. Due to a seemingly incomplete transcript of the arraignment proceeding,
we are unable to determine whether Linares was re-arraigned on the amended indictment in open
court and outside the presence of the jury after the motion to amend the indictment was granted.
However, Rule 44.24 of the code of criminal procedure states in pertinent part that "the Court of
Criminal Appeals shall presume that...the defendant was arraigned...unless such matters were
made an issue in the court below, or it otherwise affirmatively appears to the contrary from the
record." Tex. Crim. Proc. Code Ann. § 44.24(a) (Vernon 1979); see Garcia v. State, 629
S.W.2d 196, 199 (Tex. App.-Corpus Christi 1982, pet. ref'd). Furthermore, Linares did not raise
this issue prior to the commencement of the trial on the merits, during the trial on the merits, or
in his motion for new trial. Because Linares did not present a timely request, objection, or
motion to the trial court concerning re-arraignment on the amended indictment outside of the
presence of the jury, Linares failed to preserve the error for appellate review. See Tex. R. App.
P.33.1(a).

In Linares's fourth issue, he asserts that the trial court erred by subjecting him to a trial
on an amended indictment that was never physically altered. The amended indictment which was
read to the empaneled jury and to which Linares pled not guilty, is in accord with the charge
submitted by the trial judge to the jury. In other words, there is no discrepancy between the
amended indictment and the jury charge. Furthermore, "an indictment shall not be held
insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of
any defect of form which does not prejudice the substantial rights of the defendant." Tex. Crim.
Proc. Code Ann. § 21.19 (Vernon 1989). We find that the amended indictment sufficiently
provided Linares with the required notice of the charge against him. Moreover, the amended
indictment provided a specific definition of attempted murder, and thus enhanced Linares's
ability to prepare an informed and effective defense. See Garcia, 981 S.W.2d at 685. Linares's
substantial rights were not affected by subjecting him to a trial on the amended indictment for
which he had ample time to prepare a defense. Thus, we overrule Linares's fourth issue. The
trial court's judgment is affirmed.



Alma L. Lopez, Justice

Do Not Publish 


1. The Texas Court of Criminal Appeals granted Linares an out of time appeal in December 1997.
2. The court found that Linares was not present at the time the case was called, but that Linares was present at some
point because he testified that there was a discussion about the motion to amend and that an objection was made but
that he did not remember the nature of the objection. The trial court further found that there was an order that was
signed granting the motion to amend the indictment and that the motion to amend only added the specific definition
of attempt and did not change the character of the indictment or allege a new offense.
3. [3] Riney v. State overruled Ward v. State and Eastep v. State, and abrogated Rent v. State.