

## Court Of Appeals
## Fourth Court of Appeals District of Texas
## San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00650-CR

Edward Richard **FRNKA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 973062
Honorable Sarah Garrahan-Moulder, Judge Presiding[1]

Opinion by:     Marialyn Barnard, Justice

Sitting:         Sandee Bryan Marion, Justice
                 Rebecca Simmons, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:   September 9, 2009

AFFIRMED

     Edward Richard Frnka was convicted by a jury of driving while intoxicated. On appeal,

Frnka contends the trial court erred by: (1) admitting a DIC-24 form into evidence; (2) denying

---

[1] The Honorable Fred Shannon presided over the trial and verbally pronounced the sentence. The Honorable Sarah Garrahan-Moulder signed the judgment.

Frnka's request for a mistrial after a witness shook the jurors' hands; and (3) failing to compel the attendance of a witness who was recalled. We affirm the trial court's judgment.

## DIC-24 FORM

In his first point of error, Frnka contends the trial court erred in admitting a DIC-24 form into evidence because the form was not relevant to the issues before the jury, was duplicitous, bolstered testimony, and its probative value was outweighed by its prejudicial effect. The only objection defense counsel made at trial, however, was relevance; therefore, relevance is the only issue preserved for our review. *See* TEX. R. APP. P. 33.1.

The admissibility of evidence is within the discretion of the trial court and will not be overturned absent an abuse of discretion. *Sorto v. State*, 173 S.W.3d 469, 491 (Tex. Crim. App. 2005). Generally, all relevant evidence is admissible. *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009); TEX. R. EVID. 402. Relevant evidence is evidence having any tendency to make the existence of any consequential fact more or less probable than it would be without the evidence. *Layton*, 280 S.W.3d at 240; TEX. R. EVID. 401. In order to be relevant, there must be a direct or logical connection between the actual evidence and the proposition sought to be proved. *Layton*, 280 S.W.3d at 240.

A person's refusal of a request by an officer to submit to the taking of a specimen of breath may be introduced into evidence at the person's trial. TEX. TRANSP. CODE ANN. § 724.061 (Vernon 1999). Before requesting a person to submit to the taking of a specimen, however, the officer must provide the person with certain information orally and in writing, including that the refusal may be admissible in a subsequent prosecution. TEX. TRANSP. CODE ANN. § 724.015 (Vernon Supp. 2008). The DIC-24 form contains the information the statute requires to be given in writing and was

relevant to prove that Frnka refused to submit to the taking of a specimen of breath and was provided with the required information before his breath specimen was requested. *See Block v. State*, No. 14-95-00227-CR, 1997 WL 530767, at *1 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (holding trial court did not err in overruling relevancy objection to admissibility of DIC-24 form) (not designated for publication). Accordingly, the trial court did not abuse its discretion in admitting the DIC-24 form, and Frnka's first point of error is overruled.

### MISTRIAL

In his second point of error, Frnka complains that the trial court erred in denying his request for a mistrial after the State's only witness, Deputy Mark A. Ramirez, who was the arresting officer, shook the hands of all of the jurors, the attorneys, and Frnka before exiting the courtroom.

"A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). "A trial court's denial of a mistrial is reviewed for an abuse of discretion." *Id*.

Article 36.22 of the Texas Code of Criminal Procedure states, "No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." TEX. CODE CRIM. PROC. ANN. art. 36.22 (Vernon 2006). "The primary goal of Article 36.22 is to insulate jurors from outside influences." *Ocon*, 284 S.W.3d at 884.

In this case, Deputy Ramirez did not converse with a juror about the case, and his shaking of the jurors' hands occurred in the presence of the trial court. Although Deputy Ramirez did not request the trial court's permission before shaking the jurors' hands, his actions still did not technically violate article 38.22. In addition, the statute's goal was not violated since no outside influence was involved. Given that Deputy Ramirez even shook the attorneys' and Frnka's hand in

addition to the jurors' hands, we conclude the trial court did not abuse its discretion in denying the mistrial. Although the occurrence was unusual and inappropriate, the trial court was within its discretion in determining that the handshaking was not so highly prejudicial that Frnka was deprived of a fair and impartial trial. *See id*. at 887 (noting paramount issue is whether appellant received a fair and impartial trial). Frnka's second point of error is overruled.

### RECALL OF WITNESS

In his final point of error, Frnka contends the trial court erred in denying his request to recall Deputy Ramirez after Frnka testified. Frnka wanted to further question Deputy Ramirez regarding Frnka's driving to support Frnka's testimony. Frnka also wanted to question Deputy Ramirez about the elimination of alcohol from the human body. Although the trial court denied Frnka's request to recall Deputy Ramirez, the trial court did instruct the jury regarding the elimination of alcohol from the human body at Frnka's request.

A trial court's decision to limit cross-examination is not subject to reversal absent a clear abuse of discretion. *Love v. State*, 861 S.W.2d 899, 903 (Tex. Crim. App. 1993); *Knox v. State*, 31 S.W.3d 700, 702 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Whether the trial court abused its discretion will depend on the facts of the case. *Love*, 861 S.W.2d at 903; *Knox*, 31 S.W.3d at 702.

At the conclusion of Deputy Ramirez's testimony on the first day of trial, the trial court excused him. Frnka only sought to recall Deputy Ramirez after the conclusion of Frnka's testimony on the second day of trial which was a Friday. The record reflects that Deputy Ramirez could not be reached. The prosecutor stated, "It's not like I can get this guy in ten minutes. I mean, it might be Monday." The prosecutor subsequently reported that he had left a voice message on Deputy Ramirez's cell phone but speculated that Deputy Ramirez might be asleep after working

a late shift. Because Deputy Ramirez was not available and the record does not show how long the trial would have to be delayed, the trial court did not abuse its discretion in denying the request to recall Deputy Ramirez. *See Wilkinson v. State*, 423 S.W.2d 311, 313 (Tex. Crim. App. 1968); *Bills v. State*, 117 S.W. 835, 836 (Tex. Crim. App. 1909); *De Leon v. State*, Nos. 04-03-00365-CR; 04-03-00366-CR; 04-03-00367-CR & 04-03-00368-CR, 2004 WL 2870891, at *4-5 (Tex. App.—San Antonio Dec. 15, 2004, pet. ref'd) (not designated for publication); *Bahena v. State*, Nos. 14-01-01155-CR & 14-01-01156-CR, 2003 WL 193072, at *4-5 (Tex. App.—Houston [14th Dist.] Jan. 30, 2003, no pet.) (not designated for publication); *Knox*, 31 S.W.3d at 702-04. Frnka's third point of error is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice

DO NOT PUBLISH