Wilmer B. WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45669.

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied March 7, 1973.

———◆———

Robert A. Skipworth, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Harry T. Peterson, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is statutory rape; the punishment is fifteen (15) years.

Prosecutrix is the fourteen year old natural daughter of appellant and at the time involved lived with appellant, his sister and a brother.

Appellant's sole ground of error complains that prosecutrix was permitted to tell the jury, in addition to the act committed by appellant on the day charged in the indictment, that appellant had prior thereto committed "around fifteen" similar acts upon her. It is his contention that these additional acts of intercourse constituted extraneous offenses which were not admissible and which, therefore, constituted reversible error.

Principal reliance is had upon Hafti v. State, 416 S.W.2d 824, wherein this Court held that in a robbery case where the testimony of the State leaves no question as to the intent or identity of defendant that proof of an independent crime by the robber was not admissible. There can be no question of the soundness of the Hafti rule in situations of that nature.

Another distinct and independent rule is applicable in cases involving abnormal sexual conduct by a father, or one in a position of locus parenti, toward a young daughter. In Johns v. State, 155 Tex.Cr.R. 503, 236 S.W.2d 820, this Court said:

"In matters of incest or rape under the age of consent, it is often of importance to show the attitude between them and the relative size, age and strength of the parties, and if possible, to show how one in a position demanding care and guidance of a related person, has failed in such duty and has adopted an unnatural attitude relative thereto, and by fondling or otherwise, evidences a desire for sexual gratification toward such child or relative."

Further, we stated in Johns, supra:

"We do hold that in trials of an accused for rape under the age of consent and if material in determining the truth or falsity of the accusations, there can be taken into consideration the associations

between the parties and their evident regard each for the other as evidencing the probability of the charged act and the unnaturalness of the accused's attitude toward the victim of his lust, even in the presence of other acts of like character to the one on which the prosecution is based."

We had occasion in Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612, to interpret the holding in Johns, supra, as follows:

"That is, proof of the prior and subsequent acts would explain and lend credence to the testimony concerning the conduct of the parties on the occasion charged in the indictment, which would not otherwise appear plausible."

It is upon the authority of Johns, supra, and the cases upon which it is based and those which have followed it that the "around fifteen" other acts of intercourse between the appellant and the prosecutrix became admissible.

Finding no reversible error, the judgment is affirmed.