Isidro Miguel VELOZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–0410–CR.

Court of Appeals of Texas,
Houston (1 Dist.).

Jan. 19, 1984.

---

* A jury may award probation to such offenders. Tex.Code Crim.Pro.Ann. art. 42.12, § 3a (Vernon Supp.1982–1983).

Jimmy James, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before WARREN, COHEN and BASS, JJ.

### OPINION

COHEN, Justice.

The appellant was convicted by a jury of sexual abuse of a child and was sentenced by the court to imprisonment for five years.

The appellant complains of the admission of testimony regarding extraneous offenses from the victim, who was his step-daughter, from the victim's sister, and from the victim's aunt. He further complains that the jury charge at the guilt stage was fundamentally defective because of an instruction limiting the jury's consideration of the extraneous offense evidence. We overrule all grounds of error and affirm the judgment.

The victim was the fourteen-year old step-daughter of the appellant. She testified that she lived in a house with him, her mother, and four other children, and that on June 13, 1982, the date alleged in the indictment, the appellant ordered her to engage in deviate intercourse with him by placing her mouth upon his penis. She further testified that such acts had occurred on a daily basis for the previous two months while her mother was hospitalized, and that the appellant had first engaged in sexual activity with her when she was only five years old. She testified that she feared the appellant and that he had threatened her with a gun if she told her mother of these events.

The victim's sister, who was twelve-years old at the time of trial, stated that the victim told her of these events for at least a year before the trial. She testified that she was also scared of the appellant because he would do the same things to her.

The victim's aunt testified that she lived with the family for six months in 1981, and in May of 1981, observed the appellant with the victim engaged in oral sex.

In ground of error number one, the appellant contends that reversible error occurred when the court overruled his objection to extraneous offense testimony from the victim and the aunt. He notes that the challenged testimony was admitted before the prosecution's main case and, therefore, was not offered to rebut a defensive theory. He further argues that neither intent nor identity were contested issues and, therefore, the extraneous offenses were not needed to prove intent or identity.

In *Albrecht v. State*, 486 S.W.2d 97 (Tex. Cr.App.1972), it was held that proof of extraneous offenses is *generally* inadmissible to show that the accused committed the crime for which he is on trial. Many Texas cases have held, however, that the general rule of *Albrecht* does not apply to sex offenses committed against minors by their parents or others standing in the position of a parent. This is the express holding of *Williams v. State*, 490 S.W.2d 604 (Tex.Cr. App.1973). See also *Johnston v. State*, 418 S.W.2d 522 (Tex.Cr.App.1967); *Johns v. State*, 155 Tex.Cr.R. 503, 236 S.W.2d 820, 823 (1951); *Gephart v. State*, 157 Tex.Cr.R. 414, 249 S.W.2d 612, 621 (1952); *Hitchcock v. State*, 612 S.W.2d 930, 931 (Tex.Cr.App. 1982); *Drousche v. State*, 651 S.W.2d 883, 886 (Tex.App.—Austin 1983, PDRR); *Garcia v. State*, 629 S.W.2d 196 (Tex.App.— Corpus Christi 1982, PDRR). *Cravens v. State*, 663 S.W.2d 668 (Tex.App.—Houston [1st Dist] 1983); *Kester v. State*, 636

S.W.2d 232 (Tex.App.—El Paso, 1982, no writ).

Such evidence is admitted in order to enable the jury to properly evaluate the inherently questionable testimony of a minor against an adult responsible for his welfare. As the court stated in *Gephart v. State, supra:*

> That is, proof of the prior and subsequent acts would explain and lend credence to the testimony concerning the conduct of the parties on the occasion charged in the indictment, *which would not otherwise appear plausible.* (Emphasis supplied).

As the court stated in *Johns v. State, supra:*

> We do hold that in trials of an accused for rape under the age of consent and if material in determining the truth or falsity of the accusations, there can be taken into consideration the associations between the parties and their evident regard for each other *as evidencing the probability of the charged act* ... even in the presence of other acts of like character to the one of which the prosecution is based. (Emphasis supplied).

Neither the appellant's research nor our own has disclosed a case involving a prosecution for a sex offense against a child victim in which an extraneous sex act with the same victim was held inadmissible.[1] We hold that the extraneous offenses related by the victim and the aunt were admissible.

■ In ground of error number two, the appellant argues that reversible error occurred when the court overruled his motion for mistrial because of testimony from another of the appellant's stepdaughters that he had sexually abused her. The court sustained the objection to this testimony and instructed the jury to disregard it, but denied the motion for mistrial. We need not decide whether the instruction to disregard cured the harm because such testimony was held admissible in *Garcia v. State,*

573 S.W.2d 12, 16 (Tex.Cr.App.1978). The court held that such testimony was properly admitted "... in order to put the testimony of the thirteen-year old daughter in its proper perspective." None of the *Albrecht* exceptions were relied on for the decision in *Garcia*, and it appears that the evidence was admitted in the State's main case, although not stated in the opinion. See also *Johnston v. State, supra* at 528; *Drousche v. State, supra* at 886. A contrary result was reached in *Young v. State,* 159 Tex.Cr.R. 164, 261 S.W.2d 836 (1953). The cases cited above permitting such testimony did not mention the holding in *Young. Young* is distinguishable because in that case the defendant did not stand in *locus parenti* with the victim of the extraneous offense, as did the defendant herein. See also *Prior v. State,* 647 S.W.2d 956, 958 (Tex.Cr.App.1983) in which no parental relation existed.

We thus view *Garcia, supra,* as a logical extension of *Williams, supra,* insofar as it implicitly holds that the general rule of *Albrecht, supra,* does not apply to extraneous sex offenses against minors, who like the victim in the primary case, also stand in *locus parenti* to the defendant. The rule rests on the sound rationale stated in *Johns, Gephart* and *Williams, supra.* Although children are extremely vulnerable to sexual abuse by their guardians, a child's accusation is inherently suspect. These facts so greatly increase both the need for and the probative value of such evidence that the prejudicial effect is outweighed.

■ In his third ground of error, the appellant argues that the jury charge at the guilt stage was fundamentally defective because it improperly instructed the jury that the extraneous offense evidence was to be used, if at all, only to evaluate the credibility of the appellant and for no other purpose. The appellant made no objection to the charge on this basis and has

---

1. A similar rule governs evidence in cases of murder and voluntary manslaughter. Tex.Penal

Code Ann. § 19.06 (Vernon 1977).

**584**

cited no cases holding that such a charge should be reversed in the absence of an objection. The instruction actually benefited the appellant and was more than he was entitled to, in light of our holding that these extraneous offenses were admissible to show the probability of the charged act. *Johns v. State, supra.*

The judgment is affirmed.