**Sam Alter SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–00870–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Joseph Molloy, Dickinson, for appellant.

Miguel Martinez, Galveston, for appellee.

Before JACK SMITH, BASS and CO-HEN, JJ.

## OPINION

Before JACK SMITH, BASS and CO-HEN, JJ.

BASS, Justice.

A jury convicted appellant of sexual abuse and sentenced him to twenty years confinement.

We affirm.

The complainant, a seventeen-year old boy, was incarcerated in the Galveston County jail and assigned to cell tank 3–E. Immediately after his incarceration, appellant, Sam Alter Scott, began harassing the boy about his body and telling him he wanted them to have sexual intercourse. A week later, appellant told the boy that if he voluntarily submitted it would not be "as bad." The complainant refused. Later that evening, appellant came to the complainant's bunk and demanded that he masturbate him. When the complainant again refused, appellant grabbed him by the back of the head and shoved him against the steel tank wall. He then threatened to smash the complainant's face against the wall unless he did as he was told. The complainant was scared and complied with appellant's demands.

During the month after this incident, appellant and a second inmate, Beard, harassed the complainant daily. Beard told the complainant that if he became his lover, he would keep Scott away from him, but if he refused, both he and appellant would rape him.

The complainant continued to refuse; however, on April 17, 1980, the two men told the boy, "this will be the night." That evening Scott and Beard got out of bed, and Beard came over and pulled the complainant out of his bunk. The men demanded they all engaged in sex and, although he was frightened, the complainant refused and climbed back into bed. Beard then followed him back to his bunk while appellant went to each bed and told the other inmates to turn over, face the wall, and go to sleep.

After he watched the other men turn their backs to him, the complainant got out of bed and pretended to cooperate. However, when Beard approached him, the complainant elbowed him in the face and the two began to fight. The complainant testified that he fought Beard, even though he was a much larger man than himself, because he believed that if he showed he was willing to fight, the other men in the cell would eventually help him. He was wrong. Instead of the other men helping him, Scott came over, pulled the complainant off of Beard, and told him to give up. Realizing that it was over, the complainant stopped

struggling and submitted. Both men then sodomized the complainant.

After they were finished, appellant ordered the complainant to go and "clean the blood up." While he was gone, the other inmates began to get up and move about the cell. When the complainant came back, appellant began to yell at him telling him he was a "bitch" and a "queer," and eventually made the boy "admit" these things to the entire cell. He then ordered the complainant to perform oral sex on him in front of the other men. When he refused, appellant took out a "gun," (a sock containing two bars of soap) and threatened to beat him unless he complied. However, when a second prisoner threatened to beat the complainant if he did as appellant demanded, things calmed down and the men went back to bed.

The complainant and a second inmate, Shannon, testified at trial. Shannon corroborated the complainant's testimony and said that when he turned around he saw the complainant was crying and noticed that he appeared "very, very frightened."

In his first three grounds of error, appellant contends the evidence is insufficient to support his conviction of sexual abuse. In support of this contention, appellant claims the evidence fails in three respects: (1) the absence of testimony that appellant, Scott, exercised any force against appellant, (2) the absence of testimony evidencing appellant's "earnest resistance," and (3) the presence of testimony showing the complainant's consent or acquiescence to the act performed.

The offense of sexual abuse applicable to the case at bar was defined in sec. 21.04 of the Texas Penal Code (Vernon 1974). The relevant portions of that statute state:

(a) A person commits an offense if, without the other person's consent and with intent to arouse or gratify the sexual desire of any person, the actor:

(1) engages in deviate sexual intercourse with the other person, not his spouse, whether the other person is of the same or opposite sex;

(b) The intercourse is without the other person's consent under one or more of the following circumstances:

(1) the actor compels the other person to submit or participate by force that overcomes such earnest resistance as might be reasonably expected under the circumstances;

(2) the actor compels the other person to submit or participate by any threat that would prevent resistance by a person of ordinary resolution;

(3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist;

The indictment returned by the grand jury alleges that appellant, Sam Alter Scott:

"did then and there without the consent of J____ L_____, a male, with intent to arouse and gratify the sexual desire of the said Sam Alter Scott engage in deviate sexual intercourse by then and there placing his genitals in contact with the anus of the said J____ L_____, and the said Sam Alter Scott did then and there compel the said J____ L_____ to submit and participate by force that overcame such earnest resistance as might have been reasonably expected under the circumstances."

The second paragraph alleged a prior conviction of felony theft to be used for the enhancement of appellant's punishment. Although the statute allowed for conviction where threats are used or, where there was no consent and the party is physically unable to resist, the indictment in the present case only alleged "force" and, therefore, did not allow for appellant's conviction on either of these other basis.

Moreover, since the court did not charge the jury on the law of parties, *Oliver v. State*, 160 Tex.Cr.R. 222, 268 S.W.2d 467 (1954), to sustain appellant's conviction the evidence must prove that his conduct, in and of .itself, was in violation of the statute as alleged in the indictment. See *McCuin v. State*, 505 S.W.2d 827 (Tex. Crim.App.1974); *Durham v. State*, 16

S.W.2d 1092 (Tex.Crim.App.1929). Therefore, the evidence must show, that appellant exercised "such force that overcame such earnest resistance as might reasonably be expected under the circumstances." In making this determination, the evidence is to be viewed in the light most favorable to the verdict. *Stuart v. State*, 652 S.W.2d 496 (Tex.App.—Houston [1st Dist.] 1983, no pet.).

■ In the present case, there was evidence that appellant exerted force when he physically lifted the complainant off of his attacker. The complainant testified that it was this act which negated his advantage in the fight, and caused him to "just give up." Additionally, the evidence of the fight, the appellant's repeated refusal, even after the prior assault, and the relative age, weight, etc. of the victim to his attackers, amount to a showing of sufficient evidence of "such earnest resistance as might reasonably be expected under the circumstances." The complainant was a seventeen year old boy, incarcerated with nine other men. He had already been sexually assaulted by appellant a month earlier, and harassed daily since that attack.

Moreover, in answer to appellant's fourth ground of error, we hold the evidence of this extraneous offense was properly admitted at trial. It was relevant on the issues of consent, the probability of the occurrance of this otherwise unnatural act, (sodomy), *Johnston v. State*, 418 S.W.2d 522 (Tex.Crim.App.1967), and the degree of resistance required of this complainant under these circumstances.

■ Therefore, we find that the evidence is sufficient to prove the appellant used force, and this force was sufficient to overcome such earnest resistance as might be reasonably expected of this victim under these circumstances.

Appellant's first four grounds of error are overruled.

■ In his fifth ground of error, appellant contends the trial court erred in allowing the introduction, over objection, of evidence of the deviate sexual intercourse which occurred between the complainant and Harold Beard, as it constituted an offense committed by another or, a consensual intercourse.

The trial court, over objection, allowed extended testimony of Beard's assault up on the complainant. We find this evidence was properly admitted. Although this evidence was prejudicial to appellant, it was necessary for the jury to understand the entire context of the attack in order to evaluate the degree of force used and the sufficiency of the resistance exerted of the complainant. *Johnson v. State*, 449 S.W.2d 65, 69 (Tex.Crim.App.1970).

The appellant's fifth ground of error is overruled.

■ In his sixth and seventh grounds of error, appellant contends the trial court erred in refusing to submit his requested instructions regarding the term "force." Appellant's counsel requested an instruction that "force as used in the charge means actual physical force," and an instruction that "threats alone do not constitute force." The trial court refused to submit either instruction. Where the term is not defined by statute, the question is whether the term has such a common and ordinary meaning that the jurors could fairly be presumed to know and apply that meaning.

We believe the term "force" has such a meaning. Moreover, the Texas Court of Criminal Appeals in *Delgado v. State*, 628 S.W.2d 68 (Tex.Crim.App.1982) found an instruction, similar to the one given in the present case sufficient.

Appellant's sixth and seventh grounds of error are overruled.

■ Appellant contends, in his eighth ground of error, that the conviction should not be sustained on the uncorroborated testimony of the complainant as he failed to promptly report the crime and later denied the matter to authorities. This contention is unsupported by the record. The evidence introduced showed that although the complainant initially denied the assault,

this hesitation was caused by threats made to him by other inmates and his assailants. Moreover, facts as evidenced by the report made the day after the crime and his testimony were amply corroborated by the second inmate, Shannon. Appellant's eighth ground of error is overruled.

The trial court's judgment is affirmed.