Jay CALDWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–84–075–CR.

Court of Appeals of Texas,
Beaumont.

June 26, 1985.

Rehearing Denied Aug. 28, 1985.

Dexter Patterson, The Woodlands, for appellant.

Mary Ann Turner, Conroe, for appellee.

## OPINION

BURGESS, Justice.

Jay Caldwell was convicted of Aggravated Sexual Assault and the jury assessed punishment at 35 years in the Texas Department of Corrections. He appeals bringing forth eleven grounds of error.

Ground of error number one complains the introduction of a video taped interview of the victim was erroneous in that the State had not complied with article 38.071 sec. 2(a)5, Tex.Code Crim.Proc.Ann. (Vernon Supp.1985), which requires that every voice on the recording be identified. The video taped interview shows a female deputy sheriff interviewing the 10 old year old victim. The interviewer testified she was the only person in the room with the victim. The video camera operator testified he set up the taping equipment and left the room. The "voices" complained of are mostly unintelligible and have no relevance to the interview. These "voices" are explained as being voices in a nearby hallway which were "picked up" by the highly sensitive microphone. We believe it was the intent of the legislature, in requiring this predicate, to insure that the voices, all persons participating in the interviewing and/or taping process were identified. This is not the case here. After reviewing the tape, it is obvious the "voices" complained of are nothing but background

"clutter" with no relevance to the interview. *See also Jolly v. State,* 681 S.W.2d 689, 696 (Tex.App.—Houston [14th Dist.] 1984, no pet.). Ground of error number one is overruled.

■ Ground of error number two complains of the admission, through the video taped interview, of several extraneous offenses. These extraneous offenses were prior sexual acts between the appellant and the victim. Appellant's complaint is the extraneous offenses were admitted prior to any contested issue, were prejudicial and too remote. Such evidence may be admitted to enable the jury to properly evaluate the inherently questionable testimony of a minor against an adult. *Veloz v. State,* 666 S.W.2d 581 (Tex.App.—Houston [1st Dist.] 1984, no pet.). *Williams v. State,* 490 S.W.2d 604 (Tex.Crim.App.1973), expressly held that prior acts committed against minors by their parents or persons standing in the position of a parent were admissible. Ground of error number two is overruled.

■ Ground of error number three states: "The Court erred in allowing hearsay on numerous occasions during the trial." Appellant goes on to allege ten separate violations of the hearsay rule. Most of the violations complained of concern testimony from individuals about what the victim told of the incident. The state urges the testimony was admissible as "outcry". "Outcry", however, was not required to be proven in this case. Moreover, when the hearsay objection was lodged, a limited offer was not made, thus the overruling of the objection made the testimony admitted for all purposes. Some of the testimony was hearsay and should have been excluded or limited. In view of the entire record, we are unable to say the introduction of the hearsay testimony is reversible error. *See Huff v. State,* 560 S.W.2d 652, 654 (Tex.Crim.App.1978). Ground of error number three is overruled.

■ Appellant's next ground of error alleges the trial court committed reversible error in allowing the state to bolster its witness. At the conclusion of the video taped interview, the deputy sheriff asked the victim "whether or not she is telling the truth now." *Black v. State,* 634 S.W.2d 356 (Tex.App.—Dallas [5th Dist.] 1982, no pet.), is relied upon by appellant but is not controlling. The appellant made a proper objection to that portion of the video tape and it could have been deleted prior to being shown to the jury. After a witness is given the oath, it is the province of the jury to determine who is a truth teller. To allow a witness to answer self serving questions such as "have you told this jury the truth?", "do you know you are still under oath?", "would you come in here and lie?", etc., prior to being impeached in some manner is not proper. In this instance, however, it does not amount to reversible error. Ground of error number four is overruled.

■ Ground of error number five seeks to have the conviction reversed because the trial court failed to appoint a disinterested expert under *TEX.CODE CRIM.PROC.ANN.* art. 46.03 (Vernon 1979). Here the appellant filed his notice of intent to use the insanity defense. Thereafter, he filed a motion for the court to appoint a disinterested expert. The trial court inquired if the appellant had any evidence to present in support of the motion. The appellant presented no evidence and the trial court denied the motion. It is appellant's belief that since he was declared an indigent with court appointed counsel, a mere filing of the motion was sufficient. Art. 46.03 sec. 3(a) states: "The court *may* appoint disinterested experts ... to examine the defendant...." The decision to appoint a disinterested expert is, therefore, discretionary. *See Dinn v. State,* 570 S.W.2d 910 (Tex.Crim.App. 1978). There being no evidence as to appellant's mental condition, history, etc., there was no abuse of discretion in refusing to appoint the expert. *See also De La Garza v. State,* 650 S.W.2d 870 (Tex.App.—San Antonio [4th Dist.] 1983, pet. ref'd). Ground of error number five is overruled.

■ Ground of error number six complains of the trial court refusing to submit

the question of probation to the jury. The appellant, while on the witness stand, admitted he had received felony probation prior to this trial. He, therefore, was not eligible for probation from the jury. *Hines v. State*, 495 S.W.2d 252 (Tex.Crim.App. 1973). Ground of error number six is overruled.

Grounds of error number seven and eight deal with the voluntariness of the confession. The trial court filed findings of fact and conclusions of law regarding the voluntariness of the confession. These findings are supported by the evidence. These grounds of error are overruled.

Ground of error number nine complains of the trial court failing to give the appellant a hearing on his claim of illegal arrest. During the hearing on the voluntariness on the confession, defense counsel attempted to ask the deputy sheriff, who filed the complaint, how a child welfare worker found out about the alleged sexual abuse. The court sustained a relevance objection and the defense went no farther. We fail to see how this is a denial of a request for a hearing on an illegal arrest. Nothing is preserved for review. Ground of error number nine is overruled.

Ground of error number ten complains of the trial court failing to allow defense counsel to review a statement of a witness. The statement was not made by the witness testifying, but by another witness. Counsel cites no authority and we find none supporting his position. Ground of error number ten is overruled.

Appellant's final ground of error alleges "the court erred in allowing a witness to testify to personal knowledge of the defendant's reputation in violation of art. 37.07 sec. 3(a), Tex.Code Crim.Proc. Ann." The questions by the prosecutor were "do you know the reputation of the defendant in the community for being a peaceful and law-abiding citizen?" This is the manner suggested in McClung, *LAWYERS' HANDBOOK FOR TEXAS CRIMINAL PRACTICE*, at 318 (1984 Rev.Ed.),

and we do not find it erroneous. Ground of error number eleven is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.