James Stacey TURNER, alias James Robinson, alias James Turner, alias James S. Robinson, alias James Stacy Turnaer, alias James S. Turner, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–85–049 CR.

Court of Appeals of Texas, Beaumont.

Aug. 27, 1986.

William E. Hall, Jr., Conroe, for appellant.

Mary Ann Turner, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

In a juried proceeding, Appellant was convicted of aggravated sexual assault. The court assessed punishment at 99 years in the Texas Department of Corrections. The indictment charged that on or about January 1, 1984, the Appellant knowingly and intentionally caused the penetration of the vagina of a certain child younger than 14 years. The penetration was by the sexual organ of the accused.

The same indictment alleged 4 separate prior, final convictions in 4 separate enhancement paragraphs. Described generally, these were a final conviction in February, 1972, in Harris County, of sodomy; a final conviction in February, 1961, in Harris County, of burglary; a final conviction in June, 1958, in Bexar County, of the theft of corporeal personal property; and, a final conviction in November, 1955, in Bexar County, of a felony forgery offense.

The State, by a written motion, urged to the trial judge a petition that the alleged victim's, being a child younger than 12 years, being approximately 7 or 8 years, testimony be taken outside the courtroom to be recorded properly for showing in the courtroom before the court and the finder of facts. The court granted the same.

The court found that the Appellant pleaded "true" to the enhancement paragraphs, being the second, third, fourth and fifth paragraphs in the said indictment. The court found the aforementioned enhancement paragraphs in the indictment were true. The court sentenced the Appellant as an habitual criminal.

The 7–year–old complaining witness testified by way of videotape which gave rise to Appellant's first ground of error. The Appellant further contended that it was error to present testimony of the alleged victim by videotape instead of having her present in open court and having her present her testimony, in person, in front of the jury and in the actual physical presence of the Appellant. The State countered by arguing that the videotape was taken in accordance with the relevant, governing statute, being *TEX.CODE CRIM. PROC.ANN. art. 38.071, sections 4 and 5* (Vernon Supp.1986) and further arguing that such a procedure does not violate the Appellant's constitutional right of confrontation of witnesses nor his right to cross-examination of the witness, nor his right to have reasonably effective representation and assistance of counsel.

We conclude that the requirements and provisions of *art. 38.071, sec. 4 and 5* were assiduously followed. The child was cross-examined by the Honorable Jerald Crow, who was the appointed attorney of record for the Appellant. The Appellant had the opportunity to, and did, observe the taping,

live, as same was being made in an adjoining room. He could hear the testimony of the child. The child, however, could not hear or see the Appellant. The recording, or the videotape, was both visual and aural and was an accurate recording. The operator was competent. The recording, or the videotape, had not been altered.

■ The statute, of course, specifically authorizes and empowers the trial judge to videotape children of the age of this accuser who are victims of sexual offenses. *See Alexander v. State,* 692 S.W.2d 563 (Tex. App.—Eastland 1985, pet. granted); *Jolly v. State,* 681 S.W.2d 689 (Tex.App.—Houston [14th Dist.] 1984, pet. granted.)

We squarely hold that *art. 38.071, sec. 4 and 5,* is constitutional, when, as here, the mandates and prerequisites of the said article are carefully followed. Again, Appellant could see and hear the child accuser. His attorney was present for the purposes of cross-examination. Under our record, this Appellant had an ample number of opportunities to confer with his attorney of record and his attorney of record had a number of opportunities, of course, to consult with his own client during the videotaping. Appellant's able attorney requested, and received, two recesses for the purposes of consultation with Appellant during the cross-examination of the accuser.

We have carefully considered the arguments and contentions of Appellant based on constitutional rights. We overrule the same. We have recently passed upon similar issues. *See Whittemore v. State,* 912 S.W.2d 607 (Tex.App.—Beaumont 1986) opinion by Chief Justice Dies.

■ We conclude that the State of Texas has such a compelling interest in protecting a 7–year–old child from the emotional harm involved in giving court testimony, in an aggravated sexual abuse case, that *art. 38.071* is constitutionally sound.

### Outcry Testimony

Appellant argues that error was committed when two witnesses, one an adult and one a child, being mother and daughter, were permitted to testify as to statements made by the victim concerning the offense. The adult witness met the accuser for the first time in early February, 1984, when she took her own child to the home of the Appellant. The wife of the Appellant was to "babysit" the child witness, who was not the victim. Apparently, the victim and the child witness became friends. The mother of the child witness invited the victim to spend the night with them. This encounter took place approximately 34 days after the alleged offense. The victim, by language and hand gestures, told both the mother and her young friend about the sexual abuse.

■ It is correct that *TEX.CODE CRIM.PROC.ANN. art. 38.07* (Vernon Supp.1986) does not require corroborating testimony of outcry when the victim, at the time of the offense, was younger than 14 years of age. But *art. 38.07* does not prohibit evidence of outcry or that a complaint was made, to someone other than the accused, of the sexual abuse.

*Article 38.07* does provide, in part:
"... The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be *considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim.*" (Emphasis ours)

*Article 38.07* was effective on September 1, 1983. We conclude the State had the right to solicit such testimony concerning outcry and concerning the making of the first complaint to show that a reasonably short period of time had expired between the alleged offense and the complaint or outcry. It is axiomatic, of course, that the State has the duty to prove the elements of the offense beyond a reasonable doubt.

■ We hold that outcry is admissible as evidence that the victim informed one or more persons of the offense. We conclude that the jury was entitled to hear this type of outcry evidence because the victim's statements formed the basis upon which the criminal charge was initiated. In the

case subjudice, there was no willing eye witness to the offense other than the young victim. Because of the last sentence of *art. 38.07*, quoted above, we think the young victim's timely outcry was admissible so that the jury could properly assess the weight to be given to the testimony of the victim. *Heckathorne v. State*, 697 S.W.2d 8 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). *Article 38.07* vitiates the requirement that the victim inform another person of the alleged offense within 6 months if the victim was younger than 14 years of age at the time of the offense. We construe this article to mean that an outcry within 6 months, if the victim is under 14 years of age, is not a prerequisite to the prosecution of an accused; this article does not disallow the introduction of outcry evidence if the victim is under 14 years of age. It is the jury's duty and it is capable of assessing the credibility and the weight of the witness' testimony concerning outcry. *Heckathorne, supra.* Hence, the main thrust of this outcry evidence is not offered for the truth thereof. The hearsay rule is not paramountly applicable. Certainly, *TEX.CODE CRIM.PROC.ANN. art. 38.07* (Vernon Supp.1986) does not, by its own wording, exclude or make inadmissible the initial outcry or complaint of a 7 year old female victim. Hence, we overrule Appellant's Ground of Error Number Two.

The last two grounds of error complain of extraneous offenses being permitted into evidence.

The Appellant's wife testified that she had never seen the Appellant, a stepfather, touch her daughter, the victim, in any offensive or unnatural way. The mother of the victim further testified that the victim was capable of telling lies.

 It was only thereafter that the extraneous offenses were proffered into evidence. We think the extraneous offenses tended to show that the Appellant had an unnatural affection or attachment towards young girls. We think the extraneous offenses tended to enable the jury to more properly evaluate questionable or suspect testimony given by a minor against an adult responsible for the minor's well-being. *Williams v. State*, 490 S.W.2d 604 (Tex.Crim.App.1973); *Veloz v. State*, 666 S.W.2d 581 (Tex.App.—Houston [1st Dist.] 1984, no pet.) *Garcia v. State*, 629 S.W.2d 196 (Tex.App.—Corpus Christi 1982, pet. ref'd).

 The extraneous offenses rule has been relaxed in cases of sexual abuse involving children of tender age living in the same household as the accused. Inasmuch as the State had a right to show the extraneous offenses, the State was also entitled to prove a prima facie case thereof or at least the elements of the extraneous offenses. Outcry is, we conclude, a part of the extraneous offense. Hence, we hold the mother of the child witness [not the victim] could testify about the outcry of her own daughter.

Finding no error, and certainly no reversible error, we overrule each of Appellant's grounds of error and affirm.

AFFIRMED.