David Stanley **PAVLACKA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–91–01010–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1993.

Published in Part Pursuant to
Tex.R.App.P. 90.

Discretionary Review Granted
May 26, 1993.

Dominique P. Gerard, Tom Moran, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ernest Davila, Tommy Lafon, Asst. Dist. Attys., Houston, for appellee.

Before COHEN, PRICE[1] and MIRABAL, JJ.

OPINION

MIRABAL, Justice.

A jury found appellant, David Stanley Pavlacka, guilty of aggravated sexual assault. The trial judge found one enhancement paragraph true and assessed appellant's punishment at 35–years confinement. We affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), the evidence at trial shows the following.

Appellant's stepson, complainant, was a learning-disabled student enrolled in special education classes for a speech handicap. In March 1991, complainant was 13 years old. Appellant was living with complainant and complainant's mother, sister, and brother at an apartment in Houston. On an indeterminate date, complainant was in the bathroom, standing at the toilet, urinating, when appellant came in and shut the

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

door behind him. No one else was home at the time. Appellant was drunk. He came over to where complainant was standing, pulled complainant's pants down the rest of the way, kneeled down, and began sucking on complainant's penis. Appellant remained in the bathroom with complainant about a minute in all and then left.

Appellant testified in his own defense. He said that he never at any time put complainant's penis in his mouth. In all, he testified four times that he had not committed the offense of which he stood accused.

In his seventh and eighth points of error, appellant asserts that the trial court erred in overruling appellant's objection to evidence of an extraneous act in which appellant simulated anal intercourse with complainant, because such evidence was inadmissible under TEX.R.CRIM.EVID. 404(b) and 403.

Based on the fact that appellant had taken the stand and denied committing the offense, coupled with the fact that the defense had attempted to impeach complainant's credibility with a prior inconsistent statement,[2] the prosecution recalled complainant to the stand to testify about an act that both sides referred to as an "extraneous offense." Over appellant's objection that the testimony the prosecution sought to offer would be "extremely prejudicial" and "improper rebuttal," and had "no bearing on the matter before the jury," complainant testified that once he and his brother were watching television in the bedroom they shared, when appellant came in, drunk, and got on top of complainant, who was lying on his stomach with his head toward the headboard. Appellant and complainant were both dressed; they were facing the same direction, and, complainant testified, appellant was moving his "groin area" "up and down" "on my butt." They remained like that for a short time; appellant never tried to accomplish actual pen-

etration. Complainant "tried to get away" from appellant, told appellant to get off of him, and appellant did so and left the room.

Rule 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

TEX.R.CRIM.EVID. 404(b). Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

TEX.R.CRIM.EVID. 403. The enumerated exceptions in rule 404(b) are neither mutually exclusive nor collectively exhaustive. *Montgomery v. State*, 810 S.W.2d 372, 377 (Tex.Crim.App.1990). Read together, rules 404(b) and 403 require that, upon proper objection, evidence of other crimes, wrongs, or acts is admissible if, and only if, it is relevant apart from supporting an inference of character conformity, and its probative value substantially outweighs its prejudicial effect. *See Montgomery*, 810 S.W.2d at 387, 389 ("if extraneous offense evidence is not relevant apart from supporting an inference of character conformity, it is absolutely inadmissible under rule 404(b)," and once Rule 403 is thereafter invoked, "the trial judge has no discretion

---

**2.** Complainant's mother, Billie Jo, and his maternal grandmother, Sylvia Doby, found out about the offense involving appellant when, one evening, they discovered complainant and his brother about to engage in similar behavior with each other. When they asked complainant where he learned about such behavior, he first

said he learned it from a boy at school. When Doby declared an intention to take Billie Jo the next day and speak to the principal and school counselor and find out who the other boy was, complainant became scared and told them that he had learned it from appellant.

as to whether or not to engage in the balancing process mandated by the rule").

In the present case, appellant sought to call into question the credibility of the child complainant. In such an instance,

> evidence of other identical or *similar* acts of sexual misconduct perpetrated by a parent against his own child may well serve to shore up testimony of the child if in logic it shows a lascivious attitude (relevant to culpable intent) and a willingness to act on it (relevant to prohibited conduct) that a jury might otherwise be loathe to attribute to a parent toward his child. Where under the circumstances of the particular case the evidence logically serves such a purpose, it *may* have relevance under Rule 404(b) ... apart from character conformity.

*Montgomery*, 810 S.W.2d at 394 (emphasis added). Recently, in *Vernon v. State*, 841 S.W.2d 407 (Tex.Crim.App.1992), the Court of Criminal Appeals re-affirmed this statement in *Montgomery* while making it clear that, if the credibility of the child complainant is not called into question, and if the extraneous offense evidence is not otherwise relevant apart from supporting an inference of character conformity, the evidence is not admissible. *Vernon*, 841 S.W.2d at 411.

■■■ Appellant's defense, at trial and on appeal, is that two of complainant's mother's sisters, Barbara Earhart and Tammy Prickett, acting for reasons of their own, had utilized complainant's willingness to go along with authority figures, such as themselves, to "place the story in complainant's mind." Appellant personally testified that complainant's accusations are false. Appellant thus put before the jury the theory that complainant's testimony was fabricated and the product of improper influence or motive. In such a circumstance, evidence consistent with complainant's testimony was relevant, entirely apart from character conformity, to rebut that theory. *Vernon*, 841 S.W.2d at 411.

■■■ The evidence of the extraneous act was, no doubt, prejudicial to appellant. However, virtually all evidence proffered by the prosecution will be prejudicial to the defendant. *Montgomery*, 810 S.W.2d at 378. It is only unfair prejudice that provides the basis for the exclusion of relevant evidence. *Id.* In a prosecution of a parent for a sex offense against a child victim, where the credibility of the child has been called into question, the probative value of evidence of extraneous sex acts between the same two individuals will ordinarily outweigh its prejudicial effect. *See Veloz v. State*, 666 S.W.2d 581, 583 (Tex.App.— Houston [1st Dist.] 1984, no pet.). There are a large number of cases holding such evidence to be admissible, both before and after the September 1, 1986, effective date of the Texas Rules of Criminal Evidence.[3]

We hold that the trial court did not abuse its discretion in concluding that the evidence at issue here was relevant, and that its probative value outweighed its prejudicial effect.

We overrule points of error seven and eight.

The discussion of the remaining points of error does not meet the criteria for publica-

---

3. *See, e.g., Crossman v. State*, 797 S.W.2d 321 (Tex.App.—Corpus Christi 1990, no pet.); *Macias v. State*, 776 S.W.2d 255 (Tex.App.—San Antonio 1989, pet. ref'd); *Pacheco v. State*, 764 S.W.2d 388 (Tex.App.—Amarillo 1989, pet. ref'd); *Dunnington v. State*, 740 S.W.2d 899 (Tex.App.—El Paso 1987, pet. ref'd); *Mannie v. State*, 738 S.W.2d 751 (Tex.App.—Dallas 1987, pet. ref'd); *Meyers v. State*, 737 S.W.2d 6 (Tex. App.—Corpus Christi 1987, no pet.); *Box v. State*, 730 S.W.2d 862 (Tex.App.—Texarkana 1987), *vacated on other grounds*, 760 S.W.2d 261 (Tex.Crim.App.1988); *Smith v. State*, 719 S.W.2d 402 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Koffel v. State*, 710 S.W.2d 796 (Tex. App.—Fort Worth 1986, pet. ref'd); *Lewis v.* *State*, 709 S.W.2d 734 (Tex.App.—San Antonio 1986, pet. ref'd untimely filed); *Johnson v. State*, 709 S.W.2d 345 (Tex.App.—Houston [14th Dist.] 1986, pet. dism'd), *cert. denied*, 498 U.S. 826, 111 S.Ct. 82, 112 L.Ed.2d 55 (1990); *Sapien v. State*, 705 S.W.2d 214 (Tex.App.—Texarkana 1985, pet. ref'd); *Newman v. State*, 700 S.W.2d 307 (Tex. App.—Houston [1st Dist.] 1985), *rev'd on other grounds*, 743 S.W.2d 641 (Tex.Crim.App.1988); *DeClouette v. State*, 699 S.W.2d 341 (Tex.App.— Houston [14th Dist.] 1986, pet. ref'd); *Caldwell v. State*, 696 S.W.2d 606 (Tex.App.—Beaumont 1985, pet. ref'd), *cert. denied*, 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 508 (1987); *Scott v. State*, 676 S.W.2d 670 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

tion, TEX.R.APP.P. 90, and is thus ordered not published.

We affirm the judgment.