Opinion filed October 6, 2005















 
 
  
 
 







 
 
  
 
 




Opinion filed October 6, 2005

 

                                                         In
The

                                                                              

                     Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00016-CR 

 

                                                    __________

 

                               GARY DWAYNE JACKSON, Appellant

 

                                                             V.

 

                                    THE
STATE OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown County, Texas

 

                                                Trial
Court Cause No. CR 16-914

 



 

                                                                   O
P I N I O N

 

The jury convicted Gary Dwayne Jackson of the
second degree felony offense of aggravated assault, found that appellant used
or exhibited a deadly weapon during the commission of the offense, and assessed
punishment at 15 years confinement.  The
trial court sentenced appellant in accordance with the jury=s assessment.  In his sole issue, appellant argues that the
trial court erred in depriving him of the opportunity to present an insanity
defense with respect to the aggravated assault charge.  We affirm. 









 

                                                            Trial
Court Proceedings

The indictment alleged that appellant, on or about
August 26, 2003, intentionally, knowingly, or recklessly caused serious bodily
injury to Joe Williams Stephens by shooting him.  The indictment further alleged that appellant
used or exhibited a deadly weapon B
a firearm B during
the commission of the assault.

Appellant=s
counsel filed a pretrial motion seeking the appointment of a disinterested
expert to examine appellant with regard to his competency to stand trial and
his insanity defense. See former TEX. CODE CRIM. PRO. art 46.02, ' 3(a) (2001); former TEX. CODE CRIM.
PRO. art. 46.03, ' 3(a)
(2003).[1]  The trial court entered an order granting the
motion and appointing Dr. Anita Cave Deanda, a psychiatrist, to examine
appellant on these issues.  Dr. Deanda
examined appellant and found that appellant was competent to stand trial and
that appellant was not entitled to assert an insanity defense. Dr. Deanda
reported her findings in a letter to the trial court.  During pretrial proceedings, appellant=s counsel did not request the trial
court to appoint another disinterested expert or an expert to assist in the
evaluation, preparation, and presentation of an insanity defense under the
principles set forth in Ake v. Oklahoma, 470 U.S. 68 (1985).

The evidence at trial established that appellant
gave $100 to Stephens to purchase an air conditioner for appellant.  Stephens did not get the air conditioner for
appellant or return the money to him. 
Kayla Jackson, appellant=s
daughter, testified that appellant told her and others that he was going to
shoot Stephens in the leg because Stephens owed him money.  Julie Jackson, appellant=s daughter, testified that appellant
told her that he was going to shoot Stephens if Stephens did not get the air
conditioner or return the money. 
Appellant went to Stephens=s
house and demanded Stephens to have his money by the next day at 5:00 p.m.  The next day, Stephens was at Tracey Woody=s house.  Appellant went to Woody=s house and yelled A[t]ell [Stephens] to come out here with
my $100.00 or I=m going
to shoot him in the leg.@  Stephens ran out of the house when appellant
attempted to enter it.  As Stephens was
running away, appellant shot him in the leg.








After appellant shot Stephens, appellant drove
back to his apartment complex.  Teresa
Freeman saw appellant when he arrived. 
Appellant told her that he had shot Stephens because Stephens owed him
$100 for an air conditioner.  Appellant
said that he did not intend to kill Stephens, but that he wanted to slow
Stephens down so that he could assault him. 
Appellant told Freeman that he thought the police would be coming to
arrest him and then take him away.  

Brown County Deputy Sheriff Brian Lundy testified
that, after the shooting, he and other officers went to appellant=s apartment complex to look for
appellant=s
vehicle.  Deputy Lundy and the other
officers approached an open door at the complex.  Appellant stepped out of the apartment with
his hands held up.  Appellant told the
officers that he had thrown the gun into some brush.  He showed the officers where the gun was
located.  Appellant gave a written
statement admitting that he had shot Stephens.

The State called Dr. Deanda as a witness.  She testified that, in her opinion, appellant
did not suffer from a mental illness or defect at the time of the offense and
that appellant knew that his act of shooting Stephens was wrong.  Dr. Deanda testified that appellant was
legally sane at the time of the commission of the offense.  

Appellant presented evidence that he had a stroke
about a year before the incident.  Howard
Dwayne Burnett testified that he noticed a personality change in appellant some
time after the stroke occurred.  Burnett
said that, after the stroke, appellant was mad at somebody on a regular
basis.  Julie  testified that appellant=s personality changed after the stroke
and that he was mad all of the time after the stroke.  The State objected when appellant=s counsel asked Burnett and Julie
whether they thought that appellant knew right from wrong.  The State argued that Burnett and Julie, as
lay witnesses, were not qualified to give opinion testimony as to whether
appellant knew right from wrong.  The
trial court sustained the objections.








The jury found appellant guilty of aggravated
assault, and the case proceeded to the punishment phase.  After the close of evidence at the punishment
phase, appellant=s counsel
moved for a mistrial, based in part, on the ground that Dr. Deanda had
performed an insufficient examination of appellant.  Appellant=s
counsel argued that the insufficient examination had prevented appellant from
presenting an insanity defense.  In
connection with the motion for mistrial, appellant=s
counsel requested the trial court to appoint another expert on the issue of
appellant=s
insanity defense.  The trial court denied
appellant=s motion
for mistrial.

                                                                  Issue
Presented

Appellant argues that the trial court=s failure to appoint a disinterested
expert to examine appellant, coupled with the trial court=s refusal to admit lay opinion
testimony on the issue of appellant=s
insanity, deprived him of the right to assert an adequate insanity defense.

                                                 Appointment
of a Disinterested Expert

The decisions whether to
appoint a disinterested expert on the issue of the competency to stand trial
under former Article 46.02, section 3(a) and on the issue of an insanity
defense under former Article 46.03, section 3(a) were left to the sound
discretion of the trial court.  Bigby
v. State, 892 S.W.2d 864, 885 (Tex.Cr.App.1994)(competency to stand trial);
Caldwell v. State, 696 S.W.2d 606, 608 (Tex.App. -  Beaumont 1985, pet=n
ref=d), cert. den=d, 481 U.S. 1019 (1987) (insanity
issue); Wynne v. State, 676 S.W.2d 650, 656 (Tex.App. - Fort Worth 1984,
pet=n ref=d)(insanity
issue).  That decision was reversible
only where the trial court abused its discretion.  Bigby v. State, supra.  In this case, the trial court appointed Dr.
Deanda as a disinterested expert.  Dr.
Deanda examined appellant and determined that appellant was legally sane at the
time of the offense.  After the
punishment phase evidence, appellant=s
counsel moved the trial court to appoint Aanother
psychiatrist@ to
examine appellant.  Nothing in the record
indicates that a second disinterested expert would have made findings that were
different from Dr. Deanda=s
findings.  Additionally, the evidence at
trial showed that appellant knew right from wrong.  After shooting Stephens, appellant told
Freeman that the police would be coming to arrest him.  Appellant also came out of his apartment with
his arms in the air when the police officers arrived at his apartment
complex.  The record does not contain any
support for the contention that the trial court abused its discretion in
denying appellant=s request
for appointment of a second disinterested expert.








If a defendant makes a preliminary showing that
insanity will be a significant factor at trial, a trial court abuses its
discretion by failing to appoint, or in failing to give defense counsel prior
approval to incur reasonable expenses to obtain, a competent psychiatrist to
assist in the evaluation, preparation, and presentation of an insanity
defense.  See Ake v. Oklahoma,
supra; De Freece v. State, 848 S.W.2d 150, 159 (Tex.Cr.App.), cert.
den=d,
510 U.S. 905 (1993).  To make this
preliminary showing, a defendant must offer more Athan
undeveloped assertions that the requested assistance would be beneficial.@ 
Williams v. State, 958 S.W.2d 186, 192 (Tex.Cr.App. 997); Rey
v. State, 897 S.W.2d 333 (Tex.Cr.App.1995). 
Additionally, if an examination by the court=s
disinterested expert indicates that insanity will not be a significant factor
at trial, a defendant does not have a due process right to the assistance of a
psychiatrist to assist in the evaluation, preparation, and presentation of the
defendant=s
case.  De Freece v. State, supra
at 159; Knight v. State, 868 S.W.2d 21, 23 (Tex.App. - Houston [1st
Dist.] 1993, pet=n ref=d). 


Appellant neither moved for the appointment of an
expert under Ake nor made a preliminary showing required for the
appointment of an expert.  Moreover, the
examination by Dr. Deanda showed that insanity would not be a significant
factor at trial.  Appellant did not have
a due process right to the assistance of a psychiatrist to assist in the
evaluation, preparation, and presentation of his insanity defense.  De Freece v. State, supra at
159; Knight v. State, supra at 23.  

Appellant did not complain about Dr. Deanda=s examination of him or Dr. Deanda=s status as a disinterested expert
during the guilt/innocence phase of the trial. 
Appellant raised his complaint about Dr. Deanda for the first time after
the close of the punishment phase evidence. 
By failing to object at trial, appellant waived any appellate complaint
that the trial court failed to appoint a disinterested expert.  See Giron v. State, 19 S.W.3d
572, 575 (Tex.App. - Beaumont 2000, pet=n
ref=d).

                                                      Lay
Witness Opinion Testimony

Appellant argues that the trial court erred in
excluding lay witness opinion testimony on the issue of his insanity.  Properly admitted opinion testimony of lay
witnesses is sufficient to support a finding of insanity.  Pacheco v. State, 757 S.W.2d 729, 733
(Tex.Cr.App.1988).  A qualified lay
witness may express an opinion as to whether the defendant knows right from
wrong.  Fuller v. State, 423
S.W.2d 924 (Tex.Cr.App.1968);  Jones
v. State, 699 S.W.2d 580, 582 (Tex.App. - Texarkana 1985, no pet=n).

Appellant=s
counsel asked Burnett and Julie whether appellant knew right from wrong and
whether the stroke had affected appellant=s
ability to conform his conduct to the requirements of the law.  The State objected, in part, on the ground
that Burnett and Julie were not qualified to answer these questions.  The trial court sustained the State=s objections.








Appellant did not make an offer of proof of the
excluded testimony.  Error may not be
predicated on a ruling excluding evidence unless the substance of the evidence
was made known to the trial court by an offer of proof or bill of exceptions or
was apparent from the context of the record. 
TEX.R.EVID. 103(b); Guidry v. State, 9 S.W.3d 133, 153
(Tex.Cr.App.1999), cert. den=d,
531 U.S. 837 (2000).  The record in this
case does not indicate how the witnesses would have answered the
questions.  Absent a showing of what such
testimony would have been or an offer of a statement concerning what the
excluded evidence would show, nothing is presented for review.  Guidry v. State, supra.  Appellant waived any complaint on the issue
of the excluded testimony because he did not make an offer of proof.  Appellant=s
sole issue is overruled.

                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.         

 

TERRY McCALL

JUSTICE

 

October 6, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel consist of:  Wright,
C.J., and McCall, J.

 

 

 











     [1]We
note that the legislature repealed Article 46.02 effective January 1, 2004, and
replaced it with TEX. CODE CRIM. PRO. ANN. ch. 46B (Vernon Pamph. Supp. 2004 -
2005).  The legislature also recently  repealed and replaced Article 46.03 by Act of
May 27,  2005, 79th Leg., R.S., ch. 831,
2005 Tex. Sess. Law Serv. 3563 (Vernon)(to be codified at TEX. CODE CRIM. PRO.
ANN. ch. 46C), effective September 1, 2005.