James Leslie CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0788–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 13, 1985.

Gerson D. Bloom, Galveston, for appellant.

Michael J. Guarino, Galveston County Dist. Atty., Miguel Martinez, Douglas A. Yancy, Galveston County Asst. Dist. Attys., Galveston, for appellee.

Before JACK SMITH, SAM BASS and LEVY, JJ.

## OPINION

LEVY, Justice.

After a non-jury trial, appellant was convicted of the offense of indecency with a child. The court assessed punishment at 10 years confinement, probated, and a fine of $500.

Appellant contends that the trial court erred in admitting testimony of prior misconduct (but not resulting in a conviction) to impeach appellant, and that the State was bound by appellant's denial during cross-examination that he had previously sexually abused his own step-daughter.

This offense occurred during a trip taken by appellant, his friend (who was also his employee), the friend's wife, son, 11-year-old daughter, and two others in appellant's motor home. The 11-year-old girl testified that she and her brother went to sleep on a large bed or sleeping platform early on the evening of June 12, 1983. Later, her parents and the appellant went to sleep on the same bed. She was awakened by appellant in the middle of the night, and at that time he penetrated her genitals with his finger. She made no outcry at the time, but told her mother of the incident the next morning. Both of her parents testified that appellant slept next to their daughter that night, and that she told her mother what had happened the next day. When confronted by the girl's father, appellant told him that she must have been dreaming. Appellant testified on his own behalf, denying both the incident and that he had even slept next to the girl on that night.

The testimony showed that appellant had a long-term friendship with his employee, and that the family had accompanied him on other trips. During cross-examination by the prosecutor, the following testimony regarding his relationship with his own step-daughter, P.L., was elicited from appellant without objection:

Q. And you're saying that your relationship with [P.L.] is like a father and a daughter?

A. Yes, it was.

Q. And isn't it true you sexually abused P.L.?

A. No, it is not.

Q. Isn't it true her mother had to fly down to the Bahamas and pick her up because you sexually assaulted her in the hotel?

A. No, it is not.

Q. Isn't it true you sexually assault (sic) that woman since she was 11 years old?

A. No, I didn't.

Over objection, the State then called his step-daughter on rebuttal. She testified, over a second objection based on remoteness, that appellant had sexually assaulted her in a similar manner when she was eight years old, at least 11 years prior to the trial date. She also testified, again over a "running objection", that appellant "got into her bed and started squeezing [her] breasts" two days before her 17th birthday during a trip to the Bahamas. The second incident which she described occurred about two years before trial. Although not as remote, it was somewhat dissimilar to the incident for which he was on trial.

Evidence of an extraneous or collateral offense is generally inadmissible because the accused is constitutionally entitled to be tried only on the accusation made in the charging instrument. Charges of offenses are generally inadmissible for impeachment purposes unless the charges result in final convictions for felony offenses or final convictions involving moral turpitude, *none of which are too remote.*

*Shipman v. State*, 604 S.W.2d 182, 184 (Tex.Crim.App.1980). A matter is "collateral" if the cross-examining party would not be entitled to prove that matter as part of his case-in-chief tending to establish his plea. *Id.* The accused's propensity to commit crimes is not logically material to the determination of his guilt of the specific offense charged. Introduction of evidence for the purpose of establishing a "propensity" offends our system of justice because it constitutes a trial of the accused as a criminal generally, *Murphy v. State*, 587 S.W.2d 718, 721 (Tex.Crim.App.1979), and not as one accused of a specific offense from which he can fairly defend himself.

■ An extraneous offense may be admissible when the transaction is relevant to, and may tend to resolve, a contested material issue in the case and the probative value outweighs its prejudicial effect. *Id.* at 722. Extraneous offenses have been held admissible to: 1) show the context in which the criminal act occurred; 2) prove identity circumstantially; 3) prove scienter, where intent or guilty knowledge is an essential element of the State's case and cannot be inferred from the act itself; 4) prove malice or state of mind when malice is an essential element of the State's case and cannot be inferred from the criminal act; 5) show motive; or 6) refute a defensive theory raised by the accused. *Albrecht v. State*, 486 S.W.2d 97, 100–01 (Tex.Crim.App.1972).

■ We are of the opinion that the extraneous offenses committed with appellant's step-daughter were not admissible for any of the above-listed purposes. Assuming arguendo that such evidence was admissible, however, we find that its probative value was outweighed by its overwhelmingly prejudicial effect. *Cf. Garza v. State*, 632 S.W.2d 823 (Tex.App.—Dallas 1982, pet. granted). The remoteness in time of the prior unreported incidents clearly reduces their probative efficacy. With commendable candor, the State concedes that it could not open the door to matters not otherwise admissible and then prove up the collateral events unless such events were themselves independently admissible. *Flannery v. State*, 676 S.W.2d 369 (Tex.Crim.App.1984); *Shipman*, 604 S.W.2d at 184; *Bates v. State*, 587 S.W.2d 121, 141–42 (Tex.Crim.App.1979); *Gatson v. State*, 387 S.W.2d 65 (Tex.Crim.App.1965).

To permit such incidents to be admissible would contradict the clear intent of Tex. Code Crim.P.Ann. art. 38.29 (Vernon 1979), which provides that "[t]he fact is a defendant in a criminal case ... is or has been, charged ... with the commission of an offense against the criminal laws of this State ... shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment ... a final conviction has resulted...." If the legislature intended to exclude, for impeachment purposes, extraneous offenses which have not resulted in a conviction, *Ridler v. State*, 375 S.W.2d 447, 449 (Tex.Crim.App.1964), it seems fair to conclude that the exclusion would apply with even greater effect to alleged offenses about which no complaint *was ever made*, much less resulted in a conviction, *Cross v. State*, 586 S.W.2d 478, 481 (Tex. Crim.App.1979), which offenses the defendant had not been notified would be brought against him. *Albrecht*, 486 S.W.2d at 100.

The instant case is distinguishable from *Veloz v. State*, 666 S.W.2d 581 (Tex.App.— Houston [1st Dist.] 1984, no pet.), which asserted an exception to the *Albrecht* holding that extraneous offenses are *generally* inadmissible to show that the accused committed the crime for which he is being tried. The exception carved out by *Veloz* is that for sex offenses committed against a minor by the parents or others standing in the position of a parent. Justification for such exception is that extraneous offenses enable a jury to properly evaluate inherently questionable testimony of a minor against an adult responsible for his welfare, concerning conduct which would not otherwise appear plausible.

Two critical factors distinguish this case from *Veloz:* (1) appellant does not stand *in locus parenti* with the complainant, and (2)

one of the extraneous acts of misconduct about which appellant was impeached on rebuttal occurred *over 11 years* prior to trial.

The same factors operate to insulate this case from *Cravens v. State*, 663 S.W.2d 668 (Tex.App.—Houston [1st Dist.] 1983), *rev'd on other grounds*, 687 S.W.2d 748 (Tex.Crim.App.1985), cited by the State. In that prosecution, "both victims were related to appellant as his [step]daughters.... The alleged extraneous offenses occurred only six months before the alleged rape of complainant. Under *Bachhofer v. State*, 633 S.W.2d 869 (Tex.Crim.App.1982), an offense committed within at least a year of the charged offense is not too remote to have relevant probative value...." *Cravens*, 663 S.W.2d at 671.

■ "[T]o bombard the [factfinder] with evidence that appellant is a child abuser in general ... presents a classic example of the kind of evidence which hopelessly distracts the [factfinder] from the issues [it is] called upon to resolve and adulterates the deliberative process...." *Boutwell v. State*, No. 711–83 (Tex.Crim.App., Apr. 24, 1985) (not yet reported). In *Boutwell*, the court observed that the danger of perfunctory application of general rules is that they focus on "admissibility" rather than the logical analysis all evidence must withstand to determine admissibility. Accordingly, having subjected the questioned evidence to the historic standards of fairness and relevance, we conclude that the use of extraneous offenses in the instant case of such remote and prejudicial nature, admittedly for the sole purpose of impeaching appellant, constituted reversible error. *Murphy*, 587 S.W.2d at 721.

Appellant's first ground of error is sustained.

■ In his second ground of error, closely related to the first, appellant contends that the court erred in admitting evidence to contradict him when the State was bound by his previous testimony.

During the State's cross-examination of the appellant, the appellant was questioned concerning his earlier molestation of P.L., his former step-daughter, which he explicitly denied. For impeachment purposes only, the State then called P.L., over defense counsel's "running objection," and she was allowed to testify as to certain highly inflammatory acts, some of which had allegedly occurred 11 years earlier.

Since we have found that evidence of the extraneous offense was inadmissible, we also sustain appellant's second ground of error complaining that the evidence was improperly elicited through the state's cross-examination of the appellant. The state may not rely on its own questioning on cross-examination to contradict the appellant and get in evidence of collateral matters and evidence of convictions for other offenses which would otherwise be inadmissible. *See Shipman*, 604 S.W.2d at 185; *Hatley v. State*, 533 S.W.2d 27, 29 (Tex.Crim.App.1976). The appellant's second ground of error is sustained.

The judgment of the trial court is reversed and the cause remanded for a new trial.

JACK SMITH, J., concurs in the result only.