Ricardo MORENO, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–85–266–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 22. 1986.

Robert G. Turner, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Elaine Bratton, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted by a jury of the offense of attempted capital murder of a peace officer and was sentenced to twenty-three years in the Texas Department of Corrections. Appellant brings five grounds of error on appeal. We sustain all five grounds of error, and we reverse the conviction of the trial court.

Officer Salazar of the Houston Police Department was called to an apartment complex for an unrelated matter. While at the complex, the officer's attention was directed to another disturbance involving appellant. The officer confronted appellant, who was intoxicated and brandishing a hunting knife, and ordered him to drop the knife. Appellant walked towards the officer shouting, "Mata Me! Mata Me!" (Spanish for "Kill me! Kill me!") The officer testified that he took several steps backward with his pistol drawn and repeatedly ordered appellant to drop the knife. Appellant refused and subsequently lunged at the officer or took a final step towards the officer, at which time the officer shot appellant twice.

Appellant testified that he had consumed a large quantity of beer and some Mexican whiskey. After drinking the whiskey, appellant's next recollection was waking up in the hospital with bandages. He did not remember having a knife, confronting Officer Salazar or being shot.

■ Appellant contends in ground of error one that the evidence was insufficient to support a conviction for attempted capital murder. We agree. When considering the evidence in the light most favorable to the jury's verdict, *Hall v. State*, 418 S.W.2d 810 (Tex.Crim.App.1967), we find the evidence will not support a conviction for attempted capital murder. Although intent to commit murder may be presumed from the use of a deadly weapon per se, *Lewis v. State*, 486 S.W.2d 104 (Tex.Crim.App.1972), a knife is not a deadly weapon per se. *Id.* at 106. Further, when the weapon used is not a deadly weapon per se, we must look to the circumstances surrounding the incident and determine the intent of the actor and the manner in which the weapon was used to determine whether it is a deadly weapon. *Id.* A review of all the cases dealing with a knife as a deadly weapon reveals they clearly show an intent to kill or cause serious bodily injury, and in every case the victim suffered injuries from the manner and use of the knife in question. We have found no case law to support the state's position that the mere brandishing of the weapon elevates the status of the knife to that of a deadly weapon.

■ In the present case, Officer Salazar is a much larger man than appellant (appellant is four feet six inches tall). There was no testimony that appellant at any time threatened to cause serious bodily injury or death to the officer. Further, there is no testimony that the knife was used in any manner that would show the intent on the part of appellant to murder Officer Salazar. In fact, appellant in his drunken state was requesting that the officer kill him. Ground of error one is sustained.

In grounds of error two and three appellant argues that the trial court erred in allowing the state to cross-examine appellant about prior acts of misconduct. In cross-examining appellant, the state asked if he had previously owned guns or fired guns within the apartment complex. Appellant objected on the ground that these other acts were irrelevant to the charge for which appellant was being tried. The trial court overruled the objections, and the state continued asking questions about prior acts of misconduct which were not material or relevant to this charge of attempted capital murder. The appellant responded that he did not recall having fired a gun within the apartment complex. The state then brought in rebuttal witnesses who testified, over appellant's objections, about appellant getting drunk every weekend and shooting his gun outside the apartment.

■ The state made no attempt to show that the line of questioning was material or relevant to the issue at hand, nor did the state show that it in any way established scheme, motive, design or intent. Article 38.29 of the Texas Code of Criminal Procedure provides in part that the fact that a defendant in a criminal case is or has been charged with the commission of a crime shall not be admissible in evidence for the purpose of impeachment unless a final conviction has resulted. In this case, appellant was not even charged with these collateral offenses, much less convicted; therefore, their use for impeachment purposes was error. *Clark v. State*, 693 S.W.2d 35 (Tex.App.—Houston [1st Dist.] 1985, no pet.). *See also Cross v. State*, 586 S.W.2d 478 (Tex.Crim.App.1979), and *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim. App.1972). The error is further compounded when the state calls a witness to impeach the appellant on some collateral issue brought out by the state's own cross-examination of the appellant. *Clark v. State*, 693 S.W.2d at 38. *See also Shipman v. State*, 604 S.W.2d 182 (Tex.Crim. App.1980), and *Hatley v. State*, 533 S.W.2d 27 (Tex.Crim.App.1976). The state cannot open the door to matters not otherwise admissible, and then prove up the collateral events, unless the events themselves were independently admissible. *Flannery v.*

*State,* 676 S.W.2d 369 (Tex.Crim.App.1984). There can be no doubt that the probative value of any questioning of appellant concerning such collateral events was far outweighed by its overwhelming prejudicial effect.

■ The state contends that the objections at time of trial were general, incomplete and did not comport with grounds of error on appeal; therefore, any error was waived. Appellant's objection was that these other acts were irrelevant to the case at hand. The state correctly points out the general rule that a party cannot complain on appeal to the overruling of a general objection or an imprecise specific objection. However, there are a number of exceptions to the general rule. One such exception exists when the correct ground of exclusion was obvious to the judge and opposing counsel. We believe the ground for exclusion of such questions and answers was open and obvious to the trial court; therefore, no waiver resulted from a general or imprecise objection. *Roeder v. State,* 688 S.W.2d 856 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 106 S.Ct. 396, 88 L.Ed.2d 349 (1985), and *Zillender v. State,* 557 S.W.2d 515 (Tex.Crim.App.1977). Grounds of error two and three are sustained.

Appellant contends in ground of error four that the trial court erred in restricting his cross-examination of Officer Salazar. Officer Salazar was the complainant and the key witness against appellant. Appellant attempted to cross-examine Officer Salazar regarding a statement he made to his brother. The state objected based on hearsay and the court sustained the objection. The question clearly did not concern hearsay as it was made by the party being questioned. The court allowed the officer to answer the question outside the presence of the jury, and Officer Salazar testified that he had told his brother, "I should have killed him when I had the chance." Appellant was attempting to cross-examine Officer Salazar regarding his prejudice and bias against appellant, and the trial court sustained the state's prior objections.

Appellant presented the court with four affidavits in an attempt to show the state of mind of Officer Salazar. The affidavit of Donald Moore shows that the police officer and two sheriff deputies visited appellant while he was hospitalized with gunshot wounds. The police officer told appellant, "I'm the one who shot you." The officer and the deputies began joking about the shooting and the officer then told appellant, "I wish I had killed you," and, "I should have killed you." The officer then translated the foregoing statements into Spanish to make sure appellant understood him. The affidavit of Terry Buchanan supports the affidavit of Donald Moore. First Buchanan heard the police officer and the deputies laughing about the shooting. Then he saw the police officer force appellant to show the deputies the bullet holes, and then stated, "I'm the one that put the two holes in you." In Steve Pipkin's affidavit, he testified he was in the cell block when the officer and the deputies entered. Appellant was asleep when they entered, and they woke him, laughing about his wounds and stating, "I should have killed you."

■ There is no doubt that the affidavits are hearsay; however, they should have served notice on the court of the obvious bias and prejudice on the part of Officer Salazar. Appellant was entitled to develop this evidence before the jury to show the state of mind of Officer Salazar and to evaluate his prejudice and bias in weighing the credibility of his testimony. One of the fundamental constitutional rights of an accused is the right to confront and cross-examine the witnesses against him. *Koehler v. State,* 679 S.W.2d 6 (Tex. Crim.App.1984). Further, great latitude should be allowed the accused to show any fact which would tend to establish ill-feeling, bias, motive, scheme, design and intent upon the part of any witness testifying against him. *Blair v. State,* 511 S.W.2d 277 (Tex.Crim.App.1974). There can be no doubt that Officer Salazar expressed ill-feeling and animus against appellant. Fur-

ther, there can be no doubt that this prejudice and bias on the part of the complainant was and is relevant and material to a jury in evaluating the credibility of his testimony. Ground of error four is sustained.

In ground of error five appellant complains the trial court erred in permitting the cross-examination of character witnesses as to whether they "knew" of unrelated conduct of appellant. During the punishment stage of the trial, appellant presented several character witnesses to show appellant's reputation in the community for being a peaceful and law-abiding citizen. During cross-examination of the witnesses, the state asked, "You know the defendant ... carries a knife, right?" Appellant made a general objection which was sustained during the cross-examination of one of the character witnesses, but the same objection was overruled during the cross-examination of other character witnesses. The state asked other questions regarding the witnesses' *personal* knowledge of appellant carrying a gun or shooting a gun, and many of appellant's objections were overruled.

The sole purpose of the questions complained of was to prejudice appellant by showing the jury collateral offenses without any evidence that appellant committed, was charged with or convicted of such offenses. Questions that imply that the act has actually been committed are highly improper and should not be allowed. *Maxwell v. State,* 595 S.W.2d 126 (Tex. Crim.App.1980). The state contends that appellant's objections were general; therefore, nothing is preserved for appeal. However, under the same reasoning and case law discussed in grounds of error two and three, we find that the trial court erred in allowing the state to improperly cross-examine the character witnesses. Ground of error five is sustained.

The conviction of appellant is reversed and this cause is remanded to the trial court.