**Duane E. HOWK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–96–106 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 20, 1997.

Decided April 1, 1998.

Mary Ann Turner, Turner & Turner, Conroe, for appellant.

Daniel C. Rice, District Attorney, Gail Kikawa McConnell, Assistant District Attorney, Conroe, for state.

Before BURGESS, STOVER and HILL, JJ.

## OPINION

JOHN HILL [1] Justice (Assigned).

Duane E. Howk appeals his conviction by a jury of the offense of aggravated sexual assault of a child. Following Howk's plea of true to enhancement allegations, the jury assessed his punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division. He contends in seven points that the evidence is insufficient to support his conviction and that the trial court erred in overruling: (1) his timely objection and in admitting State's exhibits one through five, as TEX.CODE CRIM. PROC. ANN. art. 18.02(10) (Vernon 1977) specifically prohibits search, seizure, and/or admission of personal writings by the accused; (2) his timely objection and in admitting State's exhibits one through five as they were not relevant under TEX.R.CRIM. EVID. 401; (3) his timely objection and in admitting State's exhibits one through five as TEX.R.CRIM. EVID. 403 mandates exclusion of relevant evidence on special grounds; (4) his timely objection to improper jury argument wherein the prosecution argued that State's exhibits one through five represented acts that he would have committed, inviting the jury to speculate, and asserted that the acts depicted in the exhibits actually occurred, which assertion was totally unsupported by the evidence; (5) his timely objection and in admitting State's exhibits one through five, contrary to the provision of TEX.R.CRIM. EVID. 404(b), in that character evidence is not admissible to prove conduct; and (6) his timely motion for

directed verdict because the State failed to prove one of the elements of the offense beyond a reasonable doubt, that the incident occurred on or about October 22, 1994.

We affirm because: (1) the trial court did not err in overruling Howk's motion for directed verdict because the evidence is sufficient since it shows the offense took place prior to the date alleged in the indictment, but within the period of limitations; (2) the trial court did not err in admitting into evidence State's exhibits one through five because they were instrumentalities of the crime; they were properly admitted as "same transaction contextual evidence;" and their probative value was not substantially outweighed by any danger of unfair prejudice, confusion of the issues, misleading of the jury, or by considerations of undue delay or needless presentation of cumulative evidence; and (3) any error in overruling the objection to the prosecutor's jury argument did not affect Howk's substantial rights.

Howk contends in points six and seven, respectively, that the trial court erred in overruling his motion for directed verdict because the State failed to prove, beyond a reasonable doubt, when the offense was committed and that the evidence is insufficient to support his conviction.

■ "A challenge to the trial judge's ruling on a motion for instructed verdict is in actuality a challenge to the [legal] sufficiency of the evidence to support the conviction." *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim.App.1990), *see also Griffin v. State*, 936 S.W.2d 353, 356 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict. *See Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Emery v. State*, 881 S.W.2d 702, 705 (Tex. Crim.App.1994). This standard gives full

---

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ As noted, the only complaint Howk has as to the sufficiency of the evidence is that the State failed to prove the offense occurred on or about October 22, 1994, the date alleged in the indictment. The "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period. *Sledge v. State,* 953 S.W.2d 253, 256 (Tex.Crim.App.1997).

Howk's indictment was presented on December 14, 1994. It alleged Howk intentionally and knowingly caused the victim's sexual organ to contact and penetrate his mouth. The applicable statutory limitations period is ten years. Act of June 15, 1991, 72nd Leg., R.S., ch. 565, § 6, 1991 Tex. Gen. Laws 2004 (amended 1995, 1997)(current version at TEX. CODE CRIM. PROC. ANN. art. 12.01(5) (Vernon Supp.1998)); Act of June 20, 1987, 70th Leg., R.S., ch. 1133, § 1, 1987 Tex. Gen. Laws 3870 (amended 1997)(current version at TEX.CODE CRIM. PROC. ANN. art. 12.03(d) (Vernon Supp. 1998)).

■ The victim, who was seven years of age at the time of trial, testified that two years before, when Howk lived three or four trailers down from him, Howk "sucked" his "dick" while he was on Howk's bed. The victim stated he calls his private part either a "weewee" or "dick." The victim's mother testified she moved into the trailer park where Howk lived in July 1994 and moved out in November 1994. There was no evidence suggesting any other possible time frame for Howk's conduct. Because the evidence established the offense occurred prior to the presentment of the indictment and within the statutory limitation period, the evidence is legally sufficient to support Howk's conviction. Therefore, the trial court did not err in overruling his motion for directed verdict.

Howk states the only evidence is that the offense occurred prior to October 22, 1994, the date alleged in the indictment. As noted, there was other evidence showing that the offense occurred no earlier than a few months before the date alleged in the indictment and the date of the presentment of the indictment. Howk points out the victim testified Howk never saw his penis, but fails to mention the victim stated it was because Howk had his eyes closed. Howk also states the victim testified that what was portrayed in several drawings, State's exhibits one to five, never happened. It is true the victim testified that what was portrayed in State's exhibits two, three and four never happened. However, referring to State's exhibit one, which contained a picture of a man "sucking the dick" of a little boy, he stated that it was a drawing of what Howk had done to him. He did not testify that what was portrayed in State's exhibits one or five did not happen. We overrule points six and seven.

Howk urges in points one, two, three and five that the trial court erred in admitting State's exhibits one through five into evidence because: (1) article 18.02(10) of the Texas Code of Criminal Procedure specifically prohibits the search, seizure, and/or admission of personal writings by the accused; (2) they were not relevant under Rules 401 and 402 of the Texas Rules of Criminal Evidence; (3) Rule 403 of the Texas Rules of Criminal Evidence mandates exclusion of relevant evidence on special grounds; and (4) under Rule 404(b) of the Texas Rules of Criminal Evidence, character evidence is not admissible to prove conduct.

Howk contends the exhibits should not have been admitted because article 18.02(10) of the Texas Code of Criminal Procedure prohibits search, seizure, and/or admission of personal writings of the accused. The search warrant was not made a part of the trial court's record and is not before this Court. Therefore, we are unable to determine the warrant was an "evidentiary" warrant under art. 18.02(10), so that the exception of personal writings applies, rather than a warrant for specifically described items which may be sought under the other provisions of art. 18.02.

State's exhibits one through five are cartoons depicting various sexual acts between a man and a boy. The characters in the cartoon are named [victim] and "Rip," Howk's nickname. The testimony shows Howk would draw the cartoons and show them to the victim. The victim testified he knew the pictures were of him and Rip. From this testimony one can reasonably conclude that Howk used the cartoons to assist him in committing the offense. As such, they constituted implements or instrumentalities of the crime and could be seized pursuant to a search warrant under art. 18.02(9). Under these circumstances, this evidence was admissible as "same transaction contextual evidence." *Houston v. State*, 832 S.W.2d 180, 182 (Tex.App.—Waco 1992, pet. dism'd).

When evidence such as this is admitted as "same transaction contextual evidence," the court must still balance its probative value against the potential for unfair prejudice. *Id.* at 183. Whether the trial court properly admitted the evidence under the balancing test is measured by an abuse-of-discretion standard. *Id.* at 184. "Same transaction" evidence is rarely excluded due to its prejudicial effect. *Id.* at 183–84. We must defer to the trial court's ruling if its determination is "within the zone of reasonable disagreement." *Id.* at 184. We hold that in this case the trial court did not err in admitting these exhibits.

Howk primarily relies upon the cases of *Bishop v. State*, 869 S.W.2d 342 (Tex.Crim. App.1993); *Richardson v. State*, 879 S.W.2d 874 (Tex.Crim.App.1993); *Moreno v. State*, 711 S.W.2d 382 (Tex.App.—Hous.14 Dist. 1986), *rev'd*, 755 S.W.2d 866 (Tex.Crim.App. 1988); *Corral v. State*, 900 S.W.2d 914 (Tex. App.—El Paso 1995, no pet.); and *McKnight v. State*, 874 S.W.2d 745 (Tex.App.—Fort Worth 1994, no pet.). We have examined all of these cases and find that none involves any sexual assault on a child, so that none involves the question of the admission of photographs or drawings used by a defendant to assist in the commission of the offense. We overrule points one, two, three and five.

Howk insists in point four the trial court erred in overruling his timely objection to improper argument wherein the prosecuting attorney argued that State's exhibits one through five represented acts he would have committed, inviting the jury to speculate, and asserted the acts depicted in the exhibits actually occurred, when that assertion was totally unsupported by the evidence.

In closing argument counsel for the State made reference without objection to the fact that the victim identified the middle picture in State's exhibit one as what Rip had done to him. Subsequently, with respect to the other matters depicted in the exhibits, counsel for the State argued:

> ....Did he do any of the other things that are depicted in State's Exhibits 1 through 5? No. [The victim] says so and he's adamant about that. No, none of that happened. So you wonder and I think the evidence suggests and it is a fair inference to say, are these indicators of what is to come? Is this then the next step that's going to happen in this continuing sexualization of this child? You start with easy things. You just take off the child's clothes and you suck his penis. Is this the kind of behavior that's going to happen next? Were we going to have anal intercourse? Were we going to have the child doing oral intercourse on Mr. Howk? We don't know, but I think it is a fair inference that it is something fair to wonder about the drawings, is this just a continuation? Because he showed these to [the victim]. These are confessions of the defendant and what he did—

At this point, Howk's counsel objected, "Your Honor, I object to that as improper jury argument." The trial court overruled the objection.

After the trial court's ruling, counsel for the State continued the argument by stating, "This is the defendant's recording of what he did to this child."

In order to preserve error regarding improper jury argument, the objection presented must be specific, unless the specific grounds were apparent from the context. *Kelly v. State*, 903 S.W.2d 809, 811 (Tex. App.—Dallas 1995, pet. ref'd); Tex.R.App. P. 33.1(a)(1)(A).

■ We believe the nature of the objection, that the pictures did not represent confessions of the accused, was apparent from the context, while any objection as to the argument inviting the jury to speculate was not.

As previously noted, one portion of one of the pictures could reasonably be interpreted as representing a confession of the accused. However, this was not the case with respect to most of the drawings. When viewed in context, however, it does not appear the prosecutor was really intending to say that all of the pictures were confessions of the accused. Earlier in the argument the prosecutor had pointed out to the jury the fact that Howk had not committed most of the acts depicted. In view of the entire record, including the facts of the offense, Howk's prior conviction, and the prosecutor's complete argument, any error in overruling Howk's objection to this argument did not affect any of Howk's substantial rights. TEX. R.APP. P. 44.2(b). We overrule point of error four.

We AFFIRM the judgment.