In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-566 CR


____________________



WILLIAM ROY REDWINE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 03-08-05840-CR






MEMORANDUM OPINION (1)


 A jury convicted William Roy Redwine on two counts of aggravated sexual assault
of a child, and assessed punishment at fifty years' confinement in the Texas Department
of Criminal Justice, Correctional Institutions Division. The sole issue raised on appeal
asserts ineffectiveness of trial counsel for failing to request burden of proof and limiting
instructions regarding use of extraneous bad acts admitted as evidence at trial. Because
the appellate record does not establish counsel's ineffectiveness, we affirm.

 Under the two-prong test articulated by the U.S. Supreme Court and adopted by the
Texas Court of Criminal Appeals, the appellant has the burden of proving by a
preponderance of the evidence that (1) counsel's representation fell below an objective
standard of reasonableness and (2) the deficient performance prejudiced the appellant. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To establish the first
prong, he must show "that there is, in fact, no plausible professional reason for a specific
act or omission." Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). "Any
allegation of ineffectiveness must be firmly founded in the record." Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In most cases, a silent record will not
overcome the strong presumption of reasonable assistance. Id. To establish the second
prong, Redwine must also show a reasonable probability that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. Mitchell v.
State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

 Redwine identifies seven deficiencies in counsel's performance: (1) failing to
request a hearing outside the presence of the jury; (2) failing to make a Rule 401 relevance
objection; (3) failing to make a Rule 404b improper character evidence objection; (4)
failing to object to improper character evidence under Article 38.37; (5) failing to raise a
Rule 403 unfair prejudice objection; (6) failing to request a jury instruction on the proper
burden of proof before considering extraneous offenses; and (7) failing to obtain limiting
instructions. See George v. State, 890 S.W.2d 73, 76 (Tex. Crim. App. 1994); Harrell
v. State, 884 S.W.2d 154, 157 (Tex. Crim. App. 1994); Tex. Code Crim. Proc. Ann.
art. 38.37 (Vernon Supp. 2005); Tex. R. Evid. 401, 403, 404b. Because each of the
alleged deficiencies is premised upon the admission of evidence of extraneous acts of bad
conduct, Redwine must identify evidence of bad acts that are extraneous to the charged
conduct. 

 The two count indictment alleged that "on or about January 01, 2001," Redwine
caused the penetration of the victim's mouth by the defendant's sexual organ, and Redwine
caused the penetration of the victim's female sexual organ by his finger. On appeal,
Redwine identifies the following evidence he argues should have been subject to extraneous
offense objections and instructions: (1) that the defendant made the victim perform oral sex
on him several times a week beginning in the summer of 1999 and continuing until October
2002; (2) that the defendant showed the victim a pornographic movie in the summer of
1999; (3) that in late 2001 or early 2002, the defendant attempted to have sexual
intercourse with the victim, then inserted his finger into her sexual organ; and (4) that the
defendant made numerous threats to harm the victim, members of her family, or himself. 

 Redwine was the victim's stepfather. In the summer of 1999, when the victim was
ten years old, her mother's hospitalization left Redwine as the caretaker for the victim and
the five boys in the household. The victim testified, without objection, that while her
mother was hospitalized, Redwine asked her to sleep with him in his bed, then played a
pornographic videotape depicting oral sex and said he wanted to do what the video
depicted. The victim testified that Redwine removed their clothing and committed the act
described in the first count of the indictment. The victim testified this was not a one time
occurrence, as the appellant committed the same act upon her two or three times a week
until October 2002 when the Redwines separated. In addition to the charged oral and
digital penetration, the victim described two instances in which the appellant attempted
sexual intercourse with her. Asked why she acquiesced to his sexual demands, the victim
testified, she felt threatened because "he's bigger than me and stronger and I didn't want
to get hurt." After the first assault, Redwine warned the victim "if I ever told anybody,
that he would make my life miserable." Finally, the victim explained that she told her
mother about the sexual abuse in May 2003, months after the Redwines separated, because
"he kept calling my mom saying that he was going to kill himself." Defense counsel did
not object to any of this testimony, nor did he request an extraneous offense instruction at
admission or in the charge. 

 When an indictment alleges that a crime occurred "on or about" a certain date, the
State may prove an offense occurring on any date anterior to the presentment of the
indictment and within the statutory limitation period, provided the offense proved meets
the allegations stated in the indictment. Yzaguirre v. State, 957 S.W.2d 38, 39 (Tex.
Crim. App. 1997); Sledge v. State, 953 S.W.2d 253, 256-57 (Tex. Crim. App. 1997). 
Under the precedent established by Sledge and Yzaguirre, none of the evidence regarding
repeated instances of the sexual act described in the indictment is extraneous because it is
the charged conduct. Yzaguirre, 957 S.W.2d at 39; Sledge, 953 S.W.2d at 255-57. 

 Similarly, no limiting instruction is required for same transaction contextual
evidence. Camacho v. State, 864 S.W.2d 524, 535 (Tex. Crim. App. 1993). Under Rule
404(b), same transaction contextual evidence is admissible to the extent it is necessary to
make sense of the charged offense. Wyatt v. State, 23 S.W.3d 18, 25 (Tex. Crim. App.
2000); Tex. R. Evid. 404(b). In this case, evidence the accused showed the child a
pornographic video explains how the child's father figure approached the ten-year-old
sexually. In Howk v. State, 969 S.W.2d 46, 50 (Tex. App.--Beaumont 1998, no pet.), we
held that sexually explicit cartoons were admissible because the defendant used them to
assist in the commission of the offense. In this case, the State produced the videotape but
did not display it to the jury. Given the defensive theory that the child fabricated the
charges in the course of the Redwines' divorce, the State's ability to produce a piece of
physical evidence to support the victim's testimony outweighed the prejudice inherent in
matters concerning pornography. As was the case in Howk, testimony that the defendant
showed the child pornography is not unfairly prejudicial. See Tex. R. App. P. 403.

 The same transaction contextual evidence offered to prove the circumstances
surrounding the commission of the crime also includes testimony that the defendant
attempted to have sexual intercourse with the victim after a year of abusing the victim in
the matter alleged in the indictment, and in the course of committing conduct alleged in the
indictment. It is, however, more prejudicial than the evidence about the videotape, in
particular because Redwine has a venereal disease and did not use a prophylactic device.
Assuming the State's need for the evidence to explain sexual nature of the contact between
the accused and the victim is outweighed by the prejudicial nature of such deviant conduct,
and was therefore subject to a Rule 403 objection, we must consider the fact that defense
counsel used the evidence defensively. Defense counsel depended heavily on the fact that
the child presented normal findings on gynecological examination and was free of disease
despite her claim of years of sexual contact to undermine the victim's testimony and to
support the defensive theory that no sexual contact ever occurred. Thus, the decision not
to object to the evidence of attempted sexual intercourse could have been the product of
sound trial strategy. 

 The evidence of threats explains how the defendant was able to coerce the victim's
compliance and explained the delayed outcry. Thus, Redwine's threats to the victim are
directly related to the commission of the charged offense, not extraneous to it. The
evidence was in the record for all purposes, not for a limited purpose, so Redwine would
not have been entitled to a limiting instruction. Camacho, 864 S.W.2d at 535. 
Furthermore, an additional burden of proof instruction is not required. Garza v. State, 2
S.W.3d 331, 335 (Tex. App.--San Antonio 1999, pet. ref'd); Norrid v. State, 925 S.W.2d
342, 349 (Tex. App.--Fort Worth 1996, no pet.). 

 In contrast to the threats made to suppress the child's outcry, the defendant's threat
to kill himself because his wife had left him is the specific event that triggered the victim's
outcry. The circumstances of the outcry are admissible and counsel was not deficient in
failing to object. That evidence is not particularly prejudicial, so counsel was not deficient
in failing to raise a Rule 403 objection. To the extent his evidence might be considered
an extraneous act of bad conduct, the lack of instructions regarding the jury's use of this
evidence would have minimal impact. Assuming deficient performance in not requesting
instructions on the jury's consideration of this particular evidence, the appellant fails to
establish prejudicial effect.

 The case relied upon by Redwine to support his Strickland claim is a habeas corpus
proceeding in which trial counsel disavowed the employment of strategy in his failure to
request instructions on the use of extraneous offense evidence. Ex parte Varelas, 45
S.W.3d 627, 632 (Tex. Crim. App. 2001). That same case had been affirmed on direct
appeal because the record did not affirmatively establish deficient conduct. Id. Redwine
did not raise ineffective assistance in his motion for new trial. As a result, we do not have
the benefit of a record of a hearing in which counsel explains any trial strategy upon which
his decisions may have been based. Because we have no record to reveal trial counsel's
reasons for acting or failing to request extraneous offense instructions, we hold Redwine
failed to establish that his counsel's assistance was ineffective. The issue is overruled and
the judgment is affirmed.

 AFFIRMED.



 ______________________________

 STEVE MCKEITHEN

 Chief Justice 




Submitted on January 26, 2005

Opinion Delivered March 9, 2005

Do Not Publish 


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Tex. R. App. P. 47.4.