Opinion filed April 26, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed April 26, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00299-CR 

                                                     __________

 

                                    JOHN
PETRONELLA, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland County, Texas

 

                                                 Trial
Court Cause No. CR29635

 



 

                                                                   O
P I N I O N

John Petronella appeals from a guilty jury verdict
on three counts of sexual assault.  The
jury assessed his punishment at fifteen years confinement in the Texas
Department of Criminal Justice, Institutional Division for each count.  We affirm.

Background Facts 








Appellant was indicted for six counts of sexual
assault and two counts of sexual assault of a child.  The State abandoned two counts of the sexual
assault of the adult victim.  Appellant
proceeded to a trial by jury.  Before
trial, appellant stipulated that he had had sex with the adult victim on the
dates in the indictment.  The only issue
in the sexual assault of the adult victim was consent.  At trial, the State offered two pictures of
the contents of drawers in appellant=s
house containing sex toys and a magazine titled AVibrations.@ 
The State also offered several pictures of nude girls posing that were
found on appellant=s
computer.  Appellant objected to the
admission of the pictures.  The trial
court admitted the pictures over appellant=s
objection.  The jury found appellant
guilty of four counts of sexual assault of the adult victim and not guilty on
the two counts of the sexual assault of a child.

Issues on Appeal

Appellant presents two issues on appeal.  First, appellant contends that he received
ineffective assistance of counsel because his trial counsel failed to obtain a
ruling on appellant=s motion
for new trial.  Second, appellant
contends that the trial court abused its discretion by admitting certain
pictures into evidence. 

Ineffective Assistance of Counsel

Appellant=s
first issue is moot.  On May 18, 2006,
this court entered an order to abate the appeal until the trial court could
conduct a hearing on appellant=s
motion for new trial.  The trial court
conducted a hearing on appellant=s
motion for new trial and overruled the motion. Therefore, we need not address
appellant=s first
issue on appeal.[1]

Standard of Review 

The admissibility of evidence is within the sound
discretion of the trial court.  Williams
v. State, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997).  Under an abuse of discretion standard, the
trial court=s
decision to admit the evidence  must be
reasonable in view of all the relevant facts. 
Shuffield v. State, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006).  We will defer to the trial court=s ruling if it is within the zone of
reasonable disagreement.  Shuffield,
189 S.W.3d at 793; Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).  








When deciding if evidence should be admitted, it
must first be determined if the evidence is relevant to the prosecution.  Evidence is relevant if it has Aany tendency to make the existence of
any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence.@ Tex.
R. Evid. 401.  All relevant
evidence is admissible.  Tex. R. Evid. 402.  However, relevant evidence may be excluded if
its probative value Ais
substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by consideration of undue delay, or needless
presentation of cumulative evidence.@  Tex.
R. Evid. 403.  Rule 403 favors the
admission of relevant evidence and carries a presumption that relevant evidence
will be more probative than prejudicial. 
Shuffield, 189 S.W.3d at 787.

At trial, appellant objected under Rule 403 to the
introduction of the pictures showing the contents of appellant=s drawers stating that the only purpose
of the pictures was to inflame the jury. Appellant also objected under Rule 403
to the introduction of the pictures of the nude girls found on appellant=s computer again stating that the only
purpose of the pictures was to inflame the jury.[2]


Admission of the Pictures

The State contends that the pictures admitted were
relevant to show how appellant was Agrooming@ the victims.  David Hernandez, a therapist with the Midland Rape Crisis Center,
explained the grooming process in his testimony.  He testified that a defendant will first gain
access to the victim by becoming her friend and allowing her to do things her
parents would not let her do.  He further
testified that part of the grooming process is to desensitize the victim to
sexual behavior and get the victim curious about the sexual act.  Both victims testified that they had seen the
pictures of the nude girls on appellant=s
computer.  One of the victims further
testified that she was aware that appellant had a Adildo@ and Adirty
magazines@ at his
house.  Based on this testimony, the
pictures were relevant for the purpose of showing how appellant was grooming
the victims. 








Once an objection under Rule 403 is made, the
trial court must engage in a balancing test weighing the probative value of the
evidence against its tendency to suggest a decision on an improper basis.  Montgomery,
810 S.W.2d at 389.  This analysis should
include, but is not limited to, the following factors:  (1) how probative the evidence is; (2) the
potential of the evidence to impress the jury in some irrational, but
nevertheless, indelible way; (3) the time the proponent needs to develop the
evidence; and (4) the proponent=s
need for the evidence.  Shuffield,
189 S.W.3d at 787; Montgomery, 810 S.W.2d at 389‑90.  

  In this
case, the probative value of the pictures was compelling.  Both victims testified that they observed the
pictures of the nude girls on appellant=s
computer and also knew that appellant possessed sex toys.  Based on this testimony, it can be concluded
that the pictures were used to assist appellant in committing the offense.  See Howk v. State, 969 S.W.2d
46, 50 (Tex. App.CBeaumont
1998, no pet.) (one could reasonably conclude that cartoons depicting sexual
acts between a man and boy that were shown to the victim assisted the defendant
in committing the crime).  The pictures
were instrumentalities of the crime. 
Such evidence is rarely excluded for its prejudical effect.  Id. The pictures, while graphic, were
not of such a nature that they would influence the jury in an indelible
way.   The time involved in developing
the evidence was minimal and did not divert the attention of the jury away from
the indicted offenses.  Finally, the
State had a need for this evidence to show how appellant was grooming the
victims and desensitizing them to the sexual act.  Based on the above factors, the pictures= probative value substantially
outweighed their prejudical effect.  The
trial court did not abuse its discretion in admitting the pictures. We overrule
appellant=s second
issue on appeal.

Conclusion 

We affirm the judgment of the trial court. 

 

 

RICK STRANGE

JUSTICE

April 26, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J. 











[1]Appellant=s Issue
No. 2 states that the trial court erred in admitting the pictures into evidence
because they were prejudicial and had no probative value in the case.  However, the argument portion of appellant=s brief states that the trial court erred in admitting
the pictures for the purpose of showing character conformity.  





[2]Appellant bases his argument on Tex. R. Evid. 403, 404. 
However, because appellant=s
objection at trial was only under Rule 403, we will only address their
admissibility under Rule 403.  See
Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (an objection
stating one legal basis may not be used to support a different legal theory on
appeal).